1  CHARLES THOMPSON, State Bar No. 139841
      thompsoncha@gtlaw.com
2  DAVID BLOCH, State Bar No. 184530
      guzmanan@gtlaw.com
3  MELISSA KENDRA, State Bar No. 291905
      melissa.kendra@gtlaw.com
4  ANTHONY E. GUZMAN II, State Bar No. 311580
      guzmanan@gtlaw.com
5  GREENBERG TRAURIG, LLP
   101 Second Street, Suite 2200
6  San Francisco, California 94105
   Telephone: 415.655.1300
7  Facsimile: 415.707.2010

Attorneys for Defendant
BYTEDANCE INC.

## THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| YINTAO YU, an individual, | Case No. 4:23-cv-04910-SI |
|---|---|
| Plaintiff | **DECLARATION OF LINLIN FAN IN SUPPORT OF MOTION TO COMPEL ARBITRATION** |
| v. | |
| BYTEDANCE, INC., a Delaware Corporation; SHUYI (SELENE) GAO, an individual, | [Originally San Francisco Superior Court No. CGC-23-608845] |
| Defendants. | State Action filed: September 5, 2023<br>Removal Date: September 25, 2023<br>Trial Date: None |

1
**DECLARATION OF LINLIN FAN IN SUPPORT OF MOTION TO COMPEL ARBITRATION**

ACTIVE 690681924v1

I, LINLIN FAN, declare the following:

1. I am over 18-years-old, competent to testify on the matters set forth herein, and would so testify if called to do so. The statements herein are based upon my own personal knowledge.

2. I am an employee of ByteDance. In 2017, I worked as a Human Resource Business Partner in the Human Resources department for ByteDance. As part of my regular and normal duties, I would often help in preparing, presenting, collecting, storing, and maintaining onboarding documents and personnel records. When appropriate, I also personally collected signatures, observed parties execute the agreements, and uploaded them into the relevant company files. As such, I became familiar with and had access to ByteDance's business records, such as personnel files and employees' employment information and records (including, title, duties, dates of employment, assignment dates, wage rates and increases, performance evaluations, disciplinary actions taken and onboarding and termination documentation) regularly created at or near the time of the relevant events as part of ByteDance's usual practices and maintained in the ordinary course of its business. I regularly created, maintained, and referenced such business records and found these record-keeping practices to be accurate and trustworthy.

3. I personally helped with the presentation, signing, and uploading of several of the agreements presented to Yintao (Roger) Yu as necessary to effectuate the terms of his offer, including: (a) the Patent Assignment Agreement to acquire certain intellectual property belonging to Yu's own company for $600,000; and (b) the Side Letter confirming the parties were entering the Patent Assignment Agreement in satisfaction of the $600,000 acquisition payment referenced in Yu's employment offer.

4. On August 22, 2017, I met with Yu at a ByteDance office in Beijing, China to go over the final draft of the Patent Assignment Agreement. After going over aspects of the agreement, I personally observed Yu sign the Patent Assignment Agreement, a true and correct copy of which is attached hereto as **Exhibit 1**. I then personally collected and uploaded the agreement into the relevant file.

5. On August 27, 2017, I met with Yu again at same office to review the Side Letter confirming the Patent Acquisition Agreement was executed pursuant to Yu's employment offer. After reviewing, I personally observed Yu sign the Side Letter, a true and correct copy of which is attached hereto as **Exhibit 2**. I then personally collected and uploaded the agreement into the relevant file.

6. At no time was I ever made aware of any request by Yu or anyone else to modify any of his agreements to remove or otherwise alter the arbitration clauses already included therein.

\*   \*   \*

Pursuant to the laws of the State of California, I declare under penalty of perjury that the foregoing is true and correct. Executed this 5th day of October 2023, at Beijing, China.

*/s/ Linlin Fan*
LINLIN FAN

## ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(I)(3)

I, Charles Thompson, hereby attest, pursuant to N.D. Cal. Civil Local Rule 5-1, that the concurrence to the filing of this document has been obtained from Linlin Fan, signatory hereto.

Dated: October 5, 2023

GREENBERG TRAURIG, LLP

By: */s/ Charles Thompson*
Charles Thompson

Attorneys for Defendant
BYTEDANCE INC.

# Ex. 1

Dated August 22, 2017

**Tank Exchange, Inc.**
(as Assignor)

and

**Bytedance Inc.**
(as Assignee)

**Patent Assignment Agreement**

# CONTENTS

| Clause | | Page |
|---|---|---|
| 1. | DEFINITIONS AND INTERPRETATION | 2 |
| 2. | ASSIGNMENT | 3 |
| 3. | FURTHER ASSURANCE | 3 |
| 4. | GENERAL | 4 |
| **SCHEDULE 1 THE PATENTS** | | 6 |
| | Part 1 Registered Patents | 6 |

**THIS AGREEMENT** is made on _____, 2017.

**BETWEEN:**

(1) **Tank Exchange, Inc.**, a company incorporated and registered in **Delaware, United States**, with company number **5744699** (the "**Assignor**"); and

(2) **Bytedance Inc.**, a company incorporated and registered in **Delaware, United States**, with company number **5943290** (the "**Assignee**").

**BACKGROUND**

(A) Pursuant to the (i) Patent Registration Application for "Commodity Exchange for Pre-Purchasing Commodities and Trading Future Rights to Receive Commodities" and (ii) Combined Assignment/Declaration by Yintao Yu dated December 5, 2015, the Assignor is the owner of Patents (as defined below).

(B) The Assignor and Assignee desire that the Patents be assigned by the Assignor to the Assignee on the terms set out in this Agreement.

IT IS AGREED as follows:

## 1. DEFINITIONS AND INTERPRETATION

### 1.1 Definitions

In this Agreement, save as otherwise specifically provided the following words have the following meanings:

"**Agreement**" means this Patent assignment;

"**Encumbrance**" means any mortgage, charge, pledge, option, licence, attachment, restriction, prior assignment, security interest, title retention, preferential right, lien, right of pre-emption, right of set-off or any limitation or restriction howsoever created or arising upon the ability of the Assignor to assign the Patents; and

"**Patents**" means the registered Patents and the applications owned by the Assignor, short particulars of which are set out in Schedule 1, together with any and all inventions subsisting therein or relating thereto. The Combined Assignment/Declaration by Yintao Yu dated December 5, 2015 is also set out in Schedule 1.

### 1.2 Interpretation

In this Agreement (except where the context otherwise requires):

(a) any reference to the Background or a Clause or Schedule is to the relevant background item, clause or schedule of or to this Agreement. Any reference to a paragraph is to the relevant paragraph of the Schedule in which it appears;

(b) the index and clause headings are included for convenience only and shall not affect the interpretation of this Agreement;

(c) reference to a party includes its successors and permitted assigns;

(d) reference to "writing" or "written" includes faxes and any non-transitory form of visible reproduction of words (but not e-mail).

1.3 **Schedules**

The Schedules form part of this Agreement and shall have effect as if set out in full in the body of this Agreement and any reference to this Agreement includes the Schedules.

## 2. ASSIGNMENT

2.1 In return for a consideration of **US$600,000** from the Assignee, wired to the Assignor's bank account:

Wire Routing Transit Number: 121000248

Bank Name: Wells Fargo Bank

City, State: San Francisco, California

Account Number: 5609343701

Title of account: Tank Exchange, Inc.

and receipt of which the Assignor hereby acknowledges, the Assignor hereby assigns with full title guarantee to the Assignee absolutely all its right, title and interest in and to the Patents, subject to all Encumbrances, including:

(a) the absolute entitlement to any registered Patents granted pursuant to any of the applications comprised in the Patents; and

(b) the right to bring, make, oppose, defend, appeal proceedings, claims or actions and obtain relief (and to retain any damages recovered) in respect of any infringement, or any other cause of action arising from ownership of any of the Patents whether occurring before, on or after the date of this Agreement;

(c) all rights to claim priority from the Patents;

(d) all rights to any extensions, renewals or amendments to the Patents;

(e) the right to file divisional applications based on any Patent and to prosecute and obtain grant of patent on each and any such divisional application;

(f) in respect of each and any invention disclosed in the Patents, the right to file an application, claim priority from such application, and prosecute and obtain grant of patent or similar protection in or in respect of any country or territory in the world; and

(g) the right to extend to or register in, or in respect of, any country or territory in the world each and any of the Patents, and each and any of the applications comprised in the Patents or filed as aforesaid, and to extend to or register in or in respect of any country or territory in the world any patent or like protection granted on any of such applications;

## 3. FURTHER ASSURANCE

3.1 The Assignor shall, at its own cost, perform (or procure the performance of) all further acts and things, and execute and deliver (or procure the execution or delivery of) all further documents, necessary or desirable and requested by the Assignee in order to ensure that the full benefit of the right, title and interest assigned and transferred to the Assignee under this Agreement vests in the Assignee, including registration of the Assignee as applicant or registered proprietor of the Patents listed in Part 1 and Part 2 of Schedule 1 at the relevant intellectual property registry or authority.

...

## 4. GENERAL

### 4.1 Waivers

No failure or delay by either party in exercising any right or remedy provided by law under or pursuant to this Agreement shall impair such right or remedy or operate or be construed as a waiver or variation of it or preclude its exercise at any subsequent time and no single or partial exercise of any such right or remedy shall preclude any other or further exercise of it or the exercise of any other right or remedy.

### 4.2 Amendment

No variation of this Agreement shall be valid unless it is in writing and signed by or on behalf of both parties.

### 4.3 Severability

If and to the extent that any provision of this Agreement is held to be illegal, void or unenforceable, such provision shall be given no effect and shall be deemed not to be included in this agreement but without invalidating any of the remaining provisions of this agreement.

### 4.4 Entire Agreement

This agreement sets out the entire agreement and understanding between the parties in respect of the subject matter of this Agreement. It is agreed that:

(a) neither party has entered into this Agreement in reliance upon any representation, warranty or undertaking of the other party which is not expressly set out in this Agreement;

(b) neither party shall have any remedy in respect of misrepresentation or untrue statement made by the other party which is not contained in this Agreement;

(c) this clause shall not exclude any liability for, or remedy in respect of, fraudulent misrepresentation.

### 4.5 Governing law and Dispute Resolution

(a) This Agreement, the relationship between the parties and any non-contractual rights and the performance of the obligations in connection with this Agreement, shall be governed by, and interpreted in accordance with Hong Kong Law.

(b) Each of the parties agree that any dispute, controversy or claim arising out of or relating to this Agreement, including any alleged violation of statute, common law or public policy shall be submitted to final and binding arbitration before Hong Kong International Arbitration Centre (the "HKIAC") to be held in Hong Kong before a single arbitrator, in accordance with the Hong Kong International Arbitration Centre Administered Arbitration Rules (the "HKIAC Rules") then in force. Each party to the arbitration shall cooperate with each other party to the arbitration in making full disclosure of and providing complete access to all information and documents reasonably requested by such other party in connection with such arbitral proceedings, subject only to any confidentiality obligations binding on such party. The award of the arbitral tribunal shall be final and binding upon the parties thereto, and the prevailing party may apply to a court of competent jurisdiction for enforcement of such award. During the course of the arbitral tribunal's adjudication of any dispute, this Award Agreement shall continue to be performed except with respect to the part in dispute and under adjudication.

4.6    **No Third Party Rights**

      A person who is not a party to this Agreement shall have no right under the Contracts (Rights of Third Parties) Act 1999 to enforce any of its terms.

**EACH PARTY** has executed this Agreement, or caused this Agreement to be executed by its duly authorised representatives.

# SCHEDULE 1

## THE PATENTS

### Part 1
### Registered Patents and/or Patents Applications

| Country | Title | Filing No. | Filing Date | Registration Date | Registration No. |
|---|---|---|---|---|---|
| US | Commodity ... | 14/918,279 | Oct 20, 2015 | Oct 20, 2015 | 14/918,279 |

### Part 2

Combined Assignment/Declaration by Yintao Yu dated December 5, 2015

7

**SIGNATURES**

| | |
|---|---|
| SIGNED by ) | |
| Yintao Yu | |
| Title: CEO ) | |
| on behalf of Tank Exchange, Inc. ) | |
| ) | |

| | |
|---|---|
| SIGNED by ) | |
| Yiming Zhang | |
| Title: Director ) | |
| on behalf of ) | |
| Bytedance Inc. ) | |

8

LO\2894760.1

# Ex. 2

**Side Letter**

This side letter (the "Sider Letter") is made as of _Aug 27_ 2017 by and between Bytedance Inc. (the "Company"), a company incorporated in Delaware, United States, and Yintao Yu, a PRC citizen with PRC passport number E90558407 (the "Employee"), an employee of the Company or its affiliate.

W I T N E S S E T H:

WHEREAS, the Employee signed an offer letter with Bytedance Inc. on _____, 2017, pursuant to which the Company offered to give a payment for acquisition of US$600,000.

WHEREAS, on _Aug 22_, 2017, the Company and Tank Exchange, Inc., a company incorporated in Delaware, United States, entered into a patent assignment agreement (the "Patent Assignment Agreement"), pursuant to which the Company agreed to pay US$600,000 for the acquisition of certain patent held by Tank Exchange, Inc.

THEREFORE, the Employee hereby confirms that: by signing and executing the Patent Assignment Agreement with Tank Exchange, Inc., the Company has satisfied its obligation under the offer letter for a payment for acquisition of US$600,000.

*(Remainder of page intentionally left blank.)*

IN WITNESS WHEREOF, each party hereto has caused this Side Letter to be duly executed as of the day and year first above written.

BYTEDANCE INC.

By: _____
Name: YINTAO YU
Title:

Employee:

_____
By:

*[Signature Page]*