CHARLES THOMPSON, State Bar No. 139841
  thompsoncha@gtlaw.com
DAVID S. BLOCH, State Bar No. 184530
  david.bloch@gtlaw.com
MELISSA KENDRA, State Bar No. 291905
  melissa.kendra@gtlaw.com
ANTHONY E. GUZMAN II, State Bar No. 311580
  guzmanan@gtlaw.com
GREENBERG TRAURIG, LLP
101 Second Street, Suite 2200
San Francisco, California 94105
Telephone: 415.655.1300
Facsimile: 415.707.2010

Attorneys for Defendant
BYTEDANCE INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| YINTAO YU, an individual,<br><br>           Plaintiff,<br><br>vs.<br><br>BYTEDANCE INC., a Delaware corporation, SHUYI (SELENE) GAO, an individual,<br><br>           Defendants. | Case No. 4:23-cv-04910-SI<br><br>**DECLARATION OF CHARLES THOMPSON IN SUPPORT OF MOTION TO COMPEL ARBITRATION**<br><br>[Originally San Francisco Superior Court No. CGC-23-608845]<br><br><br>State Action filed:  September 5, 2023<br>Removal Date:       September 25, 2023<br>Trial Date:              None |

1

I, CHARLES O. THOMPSON, declare the following:

1. I am a Shareholder of Greenberg Traurig, LLP, counsel for Defendant ByteDance Inc. ("BDI"). in this matter. I am over 18 years old, licensed to practice law in the State of California, competent to testify on the matters set forth herein, and would so testify if called to do so. The statements herein are based upon my own personal knowledge. As part of my representation, I have reviewed the immediate dispute's case file, including the files relevant to the demand letter, mediations, tolling agreements, and subsequent litigations. Where appropriate, I've cross-checked underlying facts to confirm their veracity to my satisfaction.

2. Attached hereto as **Exhibit 1** is a true and correct copy of the June 2, 2021 tolling agreement Yintao Yu entered into with BDI, by and through Mr. Yu's former counsel in this dispute, David Lowe, of Rudy Exelrod Zieff & Lowe, LLP, located in this matter's case file.

\* \* \*

Pursuant to the laws of the State of California, I declare under penalty of perjury that the foregoing is true and correct. Executed this 5th day of October 2023, at San Francisco, California.

*/s/ Charles S. Thompson*
Charles O. Thompson

# Ex. 1

DAVID A. LOWE (SBN: 178811)
WILLIAM P. McELHINNY (SBN: 296259)
RUDY, EXELROD, ZIEFF & LOWE, L.L.P.
351 California Street, Suite 700
San Francisco, CA 94104
Telephone: (415) 434-9800
Facsimile: (415) 434-0513
Email: dal@rezlaw.com
Email: wpm@rezlaw.com

Attorneys for Plaintiff,
YINTAO YU

YINTAO YU,

        Plaintiff,

vs.

BYTEDANCE, INC.,

        Defendant.

**TOLLING AGREEMENT**

WHEREAS, this tolling agreement ("Agreement") is entered into by and between Yintao ("Roger") Yu ("Plaintiff"), represented by David A. Lowe and William P. McElhinny of Rudy, Exelrod, Zieff & Lowe, L.L.P., and ByteDance, Inc. ("Defendant"), represented by Karen L. Corman and Jason D. Russell of Skadden, Arps, Slate, Meagher & Flom LLP. Plaintiff and Defendant are collectively referred to herein as the "Parties."

WHEREAS, on January 12, 2021, the Parties entered into an initial tolling agreement, effective from January 4, 2021, through March 5, 2021, tolling the statutes of limitations imposed by law as to Plaintiff's claims based on the facts asserted in his November 18, 2020, letter to the company, including his alleged claims for: violations of the federal Family Medical Leave Act ("FMLA"), California's Family Rights Act ("CFRA"), California's Fair Employment and Housing Act ("FEHA"), California's Labor Code, and the common law;

WHEREAS, on March 3, 2021, the Parties entered into a subsequent tolling agreement,

1
TOLLING AGREEMENT

effective from January 4, 2021, through June 3, 2021, further tolling the statutes of limitations imposed by law as to Plaintiff's claims listed above;

WHEREAS, the Parties agree that it may be in their mutual interests to fully investigate and address the Plaintiff's claims informally, rather than through litigation, to determine whether the Parties can reach a mutually satisfactory resolution without litigation.

THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between Defendant and Plaintiff, through their legal counsel:

1.  **Scope and Effect of Agreement.**  This Agreement tolls the statutes of limitations imposed by law as to Plaintiff's claims based on the facts asserted in his November 18, 2020, letter to the company, including his alleged claims for:  violations of the federal Family Medical Leave Act ("FMLA"), California's Family Rights Act ("CFRA"), California's Fair Employment and Housing Act ("FEHA"), California's Labor Code, and the common law.

2.  This Agreement shall not revive any of Plaintiff's claims that, prior to January 4, 2021, were barred by any statute of limitations, statute of repose, similar limitations periods, or other defenses relating to the passage of time.  This Agreement also shall not waive any defenses otherwise available to Defendant.

3.  **Tolling Period.**  This Agreement shall be in effect from January 4, 2021, (the "Effective Date") through and including September 1, 2021 (the "Expiration Date").  From the Effective Date and through the Expiration Date (the "Tolling Period") all applicable statutes of limitations that have not previously expired shall be tolled.

4.  **Waiver During Tolling Period.**  Defendant shall not use the passage of time during the Tolling Period as a defense to any claim brought by Plaintiff.

5.  **Action Initiated During Tolling Period.**  During the Tolling Period, Plaintiff may not initiate a legal proceeding or arbitration against Defendant relating to Plaintiff's claims.

6.  **Termination Before Expiration Date.**  This Agreement and the Tolling Period may be terminated by either party at any time by providing notice of intent to terminate in writing, by sending an e-mail to the other party's undersigned counsel ("Notice of Intent").  The

termination date shall be 15 days after receipt of the Notice of Intent.

7. **No Admission of Liability**.  This Agreement shall not be construed as an admission of liability and nothing herein shall prejudice or affect any other rights or liabilities of the Parties. Without limiting the foregoing, this Agreement neither expands nor waives or diminishes any Party's arguments as to the arbitrability of Plaintiff's alleged claims under the Employee Confidentiality and Inventions Assignment Agreement entered into between Plaintiff and Defendant as of August 30, 2017.  This Agreement shall not be used in evidence in any action or proceeding for any purpose other than the enforcement of its terms.

By entering into this Agreement, neither Plaintiff nor Defendant make any admission or representation with regard to the date or dates of any applicable statute of limitations, statute of repose, similar limitations periods, or other defenses relating to when the passage of time began, may expire, or has already expired.

8. **Integration.**  This Agreement is the entire agreement between the Parties with respect to the matters set forth and may not be altered, amended, modified, or otherwise changed, except in writing executed by the duly authorized representative of each party.

9. **Copies of Tolling Agreement Valid.**  This Agreement may be executed by one or more original or counterpart.  A signed document transmitted via e-mail shall be valid.

10. **Choice of Law.**  This Agreement is governed and controlled by the laws of the State of California.

The signatories below affirm they are authorized to enter into this Agreement on behalf of the party they are identified as representing in this Agreement.

DATED:  June 2, 2021                                RUDY, EXELROD, ZIEFF & LOWE, LLP


By: _____
    DAVID A. LOWE
    WILLIAM P. McELHINNY
    Attorneys for Plaintiff,

3
TOLLING AGREEMENT

DATED:  June 2, 2021

YINTAO YU

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: *Karen L. Corman*
KAREN L. CORMAN
JASON D. RUSSELL
Attorneys for Defendant,
BYTEDANCE, INC.