CHARLES H. JUNG (217909)
(charles@njfirm.com)
JAIME DORENBAUM (289555)
(jaime@njfirm.com)
PAGE R. BARNES (154539)
(page@njfirm.com)
NASSIRI & JUNG LLP
1700 Montgomery Street, Suite 207
San Francisco, California 94111
Telephone:  (415) 762-3100
Facsimile:   (415) 534-3200

Attorneys for Plaintiff
YINTAO YU

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| YINTAO YU, an individual,<br><br>                           Plaintiff,<br><br>         v.<br><br>BYTEDANCE, INC., a Delaware Corporation; SHUYI (SELENE) GAO, an individual,<br><br>                           Defendants. | Case No. 3:23-cv-04910-SI<br><br>**PLAINTIFF YINTAO YU'S OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION**<br><br>**Date:**      November 17, 2023<br>**Time:**      10:00 a.m.<br>**Location:** Courtroom 1, Floor 17<br>                    Via Zoom Videoconference<br><br>*State Court Action Filed: September 5, 2023*<br>*Removed: September 25, 2023* |

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................... 1

II. FACTUAL AND PROCEDURAL BACKGROUND ...................................................... 2

    A. Defendants' Previous Efforts to Compel Arbitration. ............................................. 2

    B. Plaintiff Seeks Declaratory Judgment That He Did Not Sign the ECIAA. ............................................................................................................................ 3

        1. Plaintiff Testifies He Did Not Sign the ECIAA. ........................................ 4

        2. Supporting Evidence Plaintiff Did Not Sign the ECIAA. ......................... 4

    C. Defendants File Multiple and Duplicative Stay Requests. ..................................... 5

III. ARGUMENT ..................................................................................................................... 5

    A. The FAA Requires a Jury Trial. .............................................................................. 5

        1. Plaintiff's Claim for Declaratory Relief Is Not Arbitrable. ........................ 6

            a. Whether the ECIAA Was Executed Is a Decision to Be Made in This Court. ..................................................................... 6

            b. A Material Issue Exists as to Whether Plaintiff Executed the ECIAA. ........................................................................... 7

            c. Plaintiff Has Requested and Is Entitled to a Jury Trial. ................. 9

        2. Arbitration Agreements Beyond the ECIAA Are Not at Issue in This Lawsuit. ........................................................................................ 10

        3. The Court Should Not Stay the Action. ................................................... 12

IV. CONCLUSION ................................................................................................................ 13

# TABLE OF AUTHORITIES

**Cases**

*Aguila v. Becton and Dickinson*, 2023 WL 5988601 (N.D. Cal. Sept. 13, 2023) (Davila, J.) ........ 11

*AT&T Techs., Inc. v. Commc'ns Workers of Am.,* 475 U.S. 643 (1986) ....................................... 1, 5

*Bernstein v. PayReel, Inc.*, No. CV 23-2575 PA (ASX), 2023 WL 5505872 (C.D. Cal. July 5, 2023) ................................................................................................................................................... 11

*Can. Life Assur. Co. v. Guardian Life Ins. Co. of Am.*, 242 F. Supp. 2d 344 (S.D.N.Y. 2003) ........ 7

*Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213 (1985) ............................................................... 12

*Goldman, Sachs & Co. v. City of Reno*, 747 F. 3d 733 (9th Cir. 2014) ............................................ 6

*Gostev v. Skillz Platform, Inc.*, 88 Cal. App. 5th 1035 (2023) .......................................................... 7

*Higgins v. Super. Ct.*, 140 Cal. App. 4th 1238 (2006) ...................................................................... 6

*In re TFT-LCD (Flat Panel) Antitrust Litig.*, 2011 WL 2650689 (N.D. Cal. July 6, 2011) (Illston, S.) ................................................................................................................................................... 12

*Jackson v. Rhino Ent. Co.*, 2016 WL 11002546 (C.D. Cal. Nov. 10, 2016) ..................................... 3

*Johnson v. Walmart Inc.*, 57 F. 4th 677 (9th Cir. 2023) ................................................................ 6, 7

*Kalasho v. BMW of N. Am., LLC*, 520 F. Supp. 3d 1288 (S.D. Cal. 2021) ...................................... 9

*Kum Tat Ltd. v. Linden Ox Pasture, LLC*, 845 F. 3d 979 (9th Cir. 2017) .................................. 6, 11

*Nordeman v. Dish Network LLC*, 525 F. Supp. 3d 1080 (N.D. Cal. 2021) ....................................... 6

*Prograph Int'l Inc. v. Barhydt*, 928 F. Supp. 983 (N.D. Cal. 1996) ................................................. 5

*Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63 (2010) .................................................................. 7

*Roby v. Corp. of Lloyd's,* 996 F. 2d 1353 (2d Cir. 1963) ............................................................... 10

*Rosenthal v. Great W. Fin. Sec. Corp*., 14 Cal. 4th 394 (1996) ....................................................... 6

*Sovereign Gen. Ins. Servs., Inc. v. LeBoeuf Lamb Greene & McRae, LLP,* No. C02-02972 CRB, 2002 WL 31109710 (N.D. Cal. Sept. 13, 2002) ........................................................................... 10

*Spaeny v. TJX Cos., Inc.*, 2022 WL 334186 (C.D. Cal. Feb. 3, 2022) .............................................. 9

*Three Valleys Mun. Water Dist. v. E.F. Hutton & Co.,* 925 F.2d 1136 (9th Cir. 1991) ................ 6, 7

*United States v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964 (E.D. Cal. 2004) ..................................... 3

*Yeomans v. World Fin. Grp. Ins. Agency, LLC.*, No. 20-16937, 2021 WL 5356537 (9th Cir. Nov. 17, 2021) .................................................................................................................................. 10

*Zuccaro v. Martinez Unified Sch. Dist.*, 2016 WL 10807692 (N.D. Cal. Sept. 27, 2016) ................ 3

**Statutes**

28 U.S.C.A. § 2283 ........................................................................................................................ 13

9 U.S.C.A. § 4 ......................................................................................................................... passim

Cal. Civ. Proc. Code § 1060 ............................................................................................................ 4

Cal. Lab. Code § 925 ..................................................................................................................... 11

Cal. Lab. Code § 925(a)(2) ............................................................................................................ 11

**Rules**

FRE Rule 1002 ................................................................................................................................ 8

FRE Rule 1003 ................................................................................................................................ 8

FRE Rule 401(b) .............................................................................................................................. 3

I.     INTRODUCTION

Defendants' Motion to Compel Arbitration ("MTCA") should be denied because the sole issue here is whether Plaintiff signed the Employee Confidentiality and Inventions Assignment Agreement ("ECIAA"), and that issue is not arbitrable. Whether Plaintiff signed the ECIAA must be decided by a jury after a trial.

In *AT&T Techs., Inc. v. Commc'ns Workers of Am.,* 475 U.S. 643, 648 (1986) the Supreme Court recognized that no party may be compelled to arbitrate a dispute that they did not agree to submit to arbitration. Consistent with this principle, the Federal Arbitration Act makes clear that disputes over whether parties entered into an arbitration agreement must be decided by a trial. 9 U.S.C.A. § 4. Furthermore, where the party challenging that they entered into the agreement requests a jury trial on the issue, the district court shall ultimately refer the issue to a jury. *Id*. A jury trial is required here.

First, Plaintiff challenges the issue of the ECIAA's formation. That is the aim of the Verified Complaint's sole cause of action for declaratory relief. Plaintiff further substantiates this allegation with, among other evidence, his sworn declaration in which he denies signing the ECIAA. The expert opinion of Beth Chrisman supports Plaintiff's assertion. According to Ms. Chrisman's expert analysis, Plaintiff "probably" did not sign the ECIAA. This indicates the evidence points strongly toward the opinion that Plaintiff did not sign the ECIAA. Ms. Chrisman states that she would have a higher degree of certainty that Plaintiff did not sign the ECIAA but for the poor quality of the copy of the purported agreement produced by Defendants. Thus, Plaintiff has produced sufficient evidence to, at the very least, raise a triable issue of fact.

Second, under 9 U.S.C.A. § 4, this triable issue of fact must be presented to a jury. Pursuant to the statute, Plaintiff has expressly requested a jury trial on the issue in his Verified Complaint.[1] Accordingly, Plaintiff has adequately preserved his statutory right to have the matter decided by a

---

[1] Even if Plaintiff had failed to expressly request a jury trial on the issue of the ECIAA's formation, which he did not fail to do, he may still preserve his right to a jury trial by expressly requesting one in this Opposition. Thus, Plaintiff hereby reiterates his demand for a jury trial pursuant to 9 U.S.C.A. § 4 to determine whether he executed the ECIAA.

1
PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION
CASE NO. 3:23-CV-04910-SI

jury.

Defendants' invocation of other purported arbitration agreements does not change the sole issue before this Court. For the first time on its third motion to compel arbitration, Defendant ByteDance identifies three additional arbitration provisions it says Plaintiff agreed to. Defendants now rely on those purported agreements to compel arbitration of this case. However, those additional arbitration provisions are not relevant to the sole issue before this Court–whether Plaintiff signed the ECIAA. Moreover, as noted above and as discussed further below, the issue of the ECIAA's formation is an issue to be decided in this Court, and by a jury. Thus, Defendants cannot rely on these additional agreements to compel arbitration of this case.

For these reasons, and the reasons explained below, Plaintiff respectfully requests that the Court deny Defendants' Motion and set the matter for a jury trial.

## II. FACTUAL AND PROCEDURAL BACKGROUND

This is the third time ByteDance has sought to compel arbitration before this Court. The Court did not reach the issue in each of ByteDance's previous two attempts.

### A. Defendants' Previous Efforts to Compel Arbitration.

ByteDance first attempted to compel arbitration in response to Plaintiff's complaint in San Francisco Superior Court Case No. CGC-22-603019 ("First Case"). ByteDance removed that case to this Court and then moved to compel arbitration. (Plaintiff's Request for Judicial Notice ["RJN"] Ex. 1, Motion to Compel Arbitration and Dismiss Proceedings, or in the Alternative, Stay Proceedings Pending Completion of Arbitration, Case No. 3:23-cv-00707-SI, ECF No. 7, Feb. 23, 2023.) Without reaching the merits of the motion, the Court dismissed the First Case without prejudice when Plaintiff, who was in *pro per*, failed to timely oppose ByteDance's Motion. (RJN Ex. 2, Ord. Dismissing Case Without Prejudice, Case No. 3:23-cv-00707-SI, ECF No. 19, Apr. 20, 2023.)

Plaintiff then retained counsel and filed a second action against ByteDance and Defendant Gao in San Francisco Superior Court Case No. CGC-23-606246, filing a First Amended Complaint on May 12, 2023 ("Second Case" or "State Court Action"). On July 13, 2023, Defendants removed

the Second Case from the Superior Court asserting federal question jurisdiction. The next day, Defendants filed another motion to compel arbitration. (RJN Ex. 3, Motion to Compel Arbitration and Stay Proceedings, Case No. 3:23-cv-03503-SI, ECF No. 9, Jul. 14, 2023.) The Court never reached the merits of Defendants' motion before remanding the Second Case to the state court. (RJN Ex. 4, Ord. Dismissing Preempted Claims and Granting Plaintiff's Motion to Remand and Denying Other Pending Motions as Moot, Case No. 3:23-cv-03503-SI, ECF No. 33, Sep. 1, 2023.) The Second Case remains before the state court, which has scheduled a case management conference on December 20, 2023.[2]

Both of ByteDance's previous attempts to compel arbitration were based solely on the arbitration provision in the purported ECIAA. Neither ByteDance nor Gao has previously sought to enforce any other arbitration agreement with Plaintiff.

### B.  Plaintiff Seeks Declaratory Judgment That He Did Not Sign the ECIAA.

Separate and apart from the Second Case, on September 5, 2023, Plaintiff filed a verified complaint for declaratory relief ("Verified Complaint") in San Francisco Superior Court Case No.

---

[2] Plaintiff objects to Defendants' attempt to smear Plaintiff with irrelevant and inadmissible evidence. Specifically, Plaintiff objects to the contents of Exhibits 9 and 10 of the Request for Judicial Notice in Support of Defendants' Motion to Compel Arbitration and Stay Proceedings ("Defendants' RJN") because their contents have the sole purpose of attempting to wrongfully and misleadingly besmirch Plaintiff's reputation. Plaintiff objects to the contents of Exhibits 9 and 10 to Defendants' RJN on the grounds that the contents are not proper subjects for judicial notice. Exhibit 9, which is purportedly a police report, is not subject to judicial notice. "When parties dispute the facts contained in a police report, courts within the Ninth Circuit will generally decline to take judicial notice." *Zuccaro v. Martinez Unified Sch. Dist.*, 2016 WL 10807692, at *5 (N.D. Cal. Sept. 27, 2016). Therefore, the contents of Exhibit 9 are not a proper subject of judicial notice. Similarly, the contents of Exhibit 10 which is a declaration from other litigation, is not subject to judicial notice. *See Jackson v. Rhino Ent. Co.*, 2016 WL 11002546, at *3 (C.D. Cal. Nov. 10, 2016) citing *United States v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964, 974 (E.D. Cal. 2004) ("[A] court can only take judicial notice of existence of those matters of public record (the existence of a motion or of representations having been made therein) but not the veracity of the arguments and disputed facts contained therein.") (emphasis in original). Plaintiff further objects to Exhibits 9 and 10 of Defendants' RJN on the grounds that the documents are not relevant. Under FRE Rule 401(b), evidence is relevant only if "the fact is of consequence in determining the action." Here, the police report and Plaintiff's statement in unrelated litigation are not of consequence in determining whether Plaintiff and ByteDance entered into an arbitration agreement. Therefore, Exhibits 9 and 10 of Defendants' RJN are not relevant and should be excluded.

-3-
PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION
CASE NO. 3:23-CV-04910-SI

CGC-23-608845 ("Third Case"). The Verified Complaint in the Third Case alleges a single cause of action for declaratory relief under California Code of Civil Procedure § 1060. The cause of action seeks a declaratory judgment that Plaintiff did not execute the ECIAA. Furthermore, Plaintiff specifically demanded a jury trial on that particular issue. (Plaintiff's Complaint, Ex. 1A to Defs.' Not. and Petit. for Removal, ECF No. 1 at 17 ("Dec. Relief Compl.").)

### 1.   Plaintiff Testifies He Did Not Sign the ECIAA.

Plaintiff did not sign the ECIAA, as he swears under oath in the Verified Complaint. He also makes the same sworn statement that he did not sign the ECIAA in his declaration in support of this Opposition. (Declaration of Yintao Yu in Support of Opposition, filed concurrently, ("Yu Decl.") ¶ 6.) On his first day at ByteDance, on or around August 30, 2017, Plaintiff was shown to a small conference room at ByteDance's Beijing headquarters. (*Id.* ¶ 3.) Plaintiff was presented with documents to sign, including a supplemental employment agreement that clarified that his employment for the first two years could be terminated by the company only for cause. (*Id.*) Plaintiff read these documents closely. (*Id.* ¶ 4.) None of the documents signed that day contained an arbitration clause. (*Id.*) Plaintiff was previously the founder of a technology company. (*Id.*) In that role, he was wary of certain types of arbitration agreements, and was looking for such an agreement. (*Id.*) Plaintiff wished to avoid binding arbitration related to his employment with ByteDance. (*Id.*)

Plaintiff was puzzled at ByteDance's conduct in signing the documents. (Yu Decl. ¶ 5.) Plaintiff was only shown one hard copy of each agreement before signing. (*Id.*) After signing, the documents were taken from Plaintiff without returning a copy to him. (*Id.*) To date, ByteDance has steadfastly refused to provide Plaintiff with any copy of his supplemental employment agreement despite several requests. (*Id.*)

### 2.   Supporting Evidence Plaintiff Did Not Sign the ECIAA.

Plaintiff's testimony is consistent with the analysis of Beth Chrisman, a certified handwriting expert who compared the signatures on the ECIAA with signatures known to belong to Plaintiff from a similar period of time the ECIAA is alleged to have been executed. According to Ms.

-4-
PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION
CASE NO. 3:23-CV-04910-SI

1  Chrisman's expert opinion, Plaintiff probably did not sign the ECIAA.[3] (Declaration of Beth
2  Chrisman, filed concurrently, ("Chrisman Decl.") ¶ 4; *id.*, Ex. A.) That judgment means the
3  evidence points strongly toward the signature appearing on the ECIAA not being Plaintiff's
4  signature. Ms. Chrisman states she would have had an even higher degree of confidence in this
5  opinion had Defendants produced the original signature, or at least a first level copy of the original.
6  (*Id.*, Ex. A.)

7  Defendants removed the Third Case on September 25, 2023, on the grounds that the
8  complaint for declaratory judgment implicates four arbitration provisions (including the ECIAA)
9  that are governed by the Convention on the Recognition and Enforcement of Foreign Arbitral
10 Awards (the "Convention"). Defendants then filed the instant Motion to Compel Arbitration of the
11 Third Case.

       **C.**       **Defendants File Multiple and Duplicative Stay Requests.**

13 Since filing this Motion, Defendant Gao has filed another motion in the state court seeking a
14 stay of the State Court Action. That motion is set to be heard on November 2, 2023. (RJN Ex. 5,
15 Gao Motion for Stay of Proceedings, Case No. CGC-23-606246, Oct. 11, 2023.)

**III.     ARGUMENT**

       **A.**       **The FAA Requires a Jury Trial.**[4]

Generally, "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *AT&T Techs., Inc.,* 475 U.S. at 648. Notably, "[i]f the parties contest the existence of an arbitration agreement, the presumption in favor of arbitrability does not apply." *Goldman, Sachs & Co. v. City of Reno*, 747 F. 3d 733, 742 (9th Cir.

---

[3] Ms. Chrisman frames her conclusion as "probable" as does Defendants' expert, Dr. Mohammed. *See* Chrisman Decl.¶4, Ex. A and Declaration of Dr. Linton Mohammed in Support of Motion to Compel Arbitration. ¶3, Ex. 1 at 7.

[4] Defendants' Motion includes a lengthy discussion regarding the applicability of the Convention to the ECIAA. In applying the Convention, Defendants cite the four *Riley* factors for determining whether, under the Convention, the District Court must compel arbitration. *See Prograph Int'l Inc. v. Barhydt*, 928 F. Supp. 983, 988 (N.D. Cal. 1996). The crux of this dispute relates to the first factor, "Is there an agreement in writing to arbitrate the subject of the dispute?" *Id*. Thus, this Opposition addresses that issue without discussion of the other *Riley* factors that are not at issue here.

2014). "If the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof." 9 U.S.C.A. § 4. Under 9 U.S.C.A. § 4, if the party challenging the formation of such an agreement demands a jury trial of such issue, "the court *shall* make an order referring the issue or issues to a jury in the manner provided by the Federal Rules of Civil Procedure, or may specially call a jury for that purpose." *Id*. (emphasis added). Because Plaintiff has challenged the making of the ECIAA and specifically requested a jury trial on that very issue, he is entitled to it.

1. **Plaintiff's Claim for Declaratory Relief Is Not Arbitrable.**

Plaintiff's lone cause of action for declaratory relief seeks a determination that Plaintiff did not execute the ECIAA. Material issues of fact exist as to whether this happened. Plaintiff affirms under oath that he did not sign the agreement. (Yu Decl. ¶ 6.) While his testimony is sufficient to raise a material issue of fact, further evidence supports the contention, including the declaration of Beth Chrisman. Thus, the ultimate issue of the ECIAA's purported execution is an issue for this Court to decide, not an arbitrator. *See Kum Tat Ltd. v. Linden Ox Pasture, LLC*, 845 F. 3d 979, 983 (9th Cir. 2017) (holding that "challenges to the very existence of the contract are, in general, properly directed to the court"). Defendants' position that there are other enforceable arbitration agreements is inapposite because those agreements have no bearing on the sole issue before this Court regarding the ECIAA's purported formation.

a. **Whether the ECIAA Was Executed Is a Decision to Be Made in This Court.**

The party petitioning to compel arbitration bears the burden of proving the existence of a valid arbitration agreement by a preponderance of the evidence. *Johnson v. Walmart Inc.*, 57 F. 4th 677, 681 (9th Cir. 2023); *Higgins v. Super. Ct.*, 140 Cal. App. 4th 1238 (2006); *Nordeman v. Dish Network LLC*, 525 F. Supp. 3d 1080 (N.D. Cal. 2021). When a petition to compel arbitration is filed, the court, not the arbitrator, must determine whether the agreement exists. *Three Valleys Mun. Water Dist. v. E.F. Hutton & Co.*, 925 F.2d 1136, 1140–41 (9th Cir. 1991); *accord Rosenthal v. Great W. Fin. Sec. Corp.*, 14 Cal. 4th 394, 413 (1996); *Gostev v. Skillz Platform, Inc.*, 88 Cal. App. 5th 1035,

1048 (2023). Therefore, the question of whether an arbitration agreement exists is a question for this Court, not an arbitrator.

ByteDance's argument that the arbitrability of this dispute is a question for the arbitrator puts the cart before the horse. Before the arbitrability of any particular issue is decided, ByteDance must show the existence of a valid arbitration agreement. *See Johnson*, 57 F. 4th at 681; *Gostev*, 88 Cal. App. 5th at 1048. ByteDance presumes the existence of an arbitration agreement, then analyzes the arbitrability of certain issues within the scope of the existing arbitration agreement. *See Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 65-66 (2010). The issue here, however, is not the scope of the ECIAA. The question is whether the ECIAA was executed. Therefore, the question of the existence of an arbitration agreement must be decided by this Court.

### b. A Material Issue Exists as to Whether Plaintiff Executed the ECIAA.

Plaintiff has identified material issues of fact regarding the purported formation of the ECIAA. *Three Valleys Mun. Water Dist.*, 925 F. 2d at 1141 ("The making of an arbitration agreement is 'in issue' only if the challenging party identifies a material issue of fact as to its formation"). Plaintiff has unequivocally denied his agreement to the ECIAA via the attached declaration. (Yu Decl. ¶ 6.) Such a denial satisfies the legal standard for determining that a material issue of fact exists as to contract formation. *See Can. Life Assur. Co. v. Guardian Life Ins. Co. of Am.*, 242 F. Supp. 2d 344, 354–55 (S.D.N.Y. 2003) ("The legal standard for determining whether Guardian is entitled to a trial on the issue of the existence of an agreement to arbitrate is laid out in *Sphere Drake Ins. Ltd. v. Clarendon Nat'l Ins. Co.*: there must be an unequivocal denial that an agreement has been made, accompanied by supporting affidavits providing some evidence substantiating the claim. [citations]").

Here, there is additional evidence substantiating Plaintiff's claim that he did not execute the ECIAA. First, Ms. Chrisman has examined the ECIAA signature page, compared it to other documents from the same time-period that have Plaintiff's signature, and she has determined there is a material issue as to whether the signature on the ECIAA belongs to Plaintiff. (Chrisman Decl., Ex.

A.) Second, the face of the ECIAA itself raises the following doubts as to whether Plaintiff signed the agreement:

- Unlike the other pages of the alleged agreement, the signature page is not numbered. (Gao Decl. in Support of MTCA, ECF No. 14-4 at Ex. 1.)
- The "agreement" has a termination attachment that is dated on the date that Mr. Yu was hired by ByteDance (which makes absolutely no sense). (*Id.*)
- There is no date or place of signature on the purported signature page. (*Id.*) And the "agreement" is not countersigned by ByteDance. (*Id.*)
- The document title on the signature page ("Confidentiality and Inventions Assignment Agreement") differs from both the title of the document and the description of the document contained on the first page ("*Employee* Confidentiality and Inventions Assignment Agreement"). (*Id.)* (Emphasis added.)

These red flags cast further doubt on the alleged arbitration agreement and therefore demonstrate why the Court must allow the matter to be tried to a jury. Third, and in light of the concerns above, Defendants' failure to produce an original version of the purported ECIAA renders the copy they present inadmissible under Federal Rules of Evidence, Rules 1002 and 1003. Because Defendants cannot admit their copy of the ECIAA into evidence, they cannot rely on it to compel arbitration.

Defendants' attempts to authenticate their copy of the purported ECIAA miss the point. First, Defendants wrongly cite to a Tolling Agreement in support of their position. The Tolling Agreement neither supports their position nor is it admissible evidence. By its very terms, ByteDance agreed that, "This [Tolling] Agreement shall not be used in evidence in any action or proceeding for any purpose other than the enforcement of its terms." (Thompson Decl. in Support of MTCA, ECF No. 14-5, ¶ 2, Ex. 1 at ¶ 7.) The negotiation of the Tolling Agreement also shows that ByteDance's attempt to use the Tolling Agreement is improper. Specifically, on January 5, 2021, David Lowe ("Lowe"), counsel for Plaintiff, sent Karen Cameron ("Cameron"), counsel for ByteDance, a proposed tolling agreement. (Declaration of David A. Lowe in Support of Plaintiff Yintao Yu's Opposition to Defendants' Motion to Compel Arbitration, filed concurrently, ("Lowe Declaration") ¶ 4, Ex. A.) In response, Cameron sent an email to Lowe telling him that Plaintiff had entered into a contract that included an arbitration provision and that ByteDance wanted the same arbitration agreement inserted into the Tolling Agreement. (*Id*. ¶ at 5, Ex. B.) Initially, Lowe agreed to the

insertion of an arbitration provision. (*Id.*) Lowe, however, subsequently told Cameron that it was Yu's position that he had never signed the ECIAA as Cameron had represented or agreed to arbitration and that Yu would not agree to an arbitration provision in the Tolling Agreement. (*Id.* at ¶ 6.) ByteDance agreed to drop its demand for an arbitration provision in the Tolling Agreement if Plaintiff would agree to a "standstill" agreement on the issue of arbitrability. (*Id.* at ¶ 7, Ex. C.) Importantly, the final version of the agreement included a provision (which ByteDance is prone to omit/ignore) which specifically states, "This [Tolling] agreement shall not be used in evidence in any action or proceeding for any purpose other than the enforcement of its terms." (*Id.* at ¶ 8, Ex. D.) Of course, ByteDance ignores this critical provision in the Tolling Agreement and attempts to use it as evidence in this proceeding in violation of its very terms. Thus, the Agreement is inadmissible and cannot serve as evidence in support of the purported formation of the ECIAA.[5]

Second, Defendants cite distinguishable case law to incorrectly suggest the Court should deem the ECIAA was formed. Defendants cite *Kalasho v. BMW of N. Am., LLC*, 520 F. Supp. 3d 1288, 1293 (S.D. Cal. 2021) for the proposition that the standard to authenticate a signature is not high. (MTCA, ECF No. 14 at 14:10.) However, *Kalasho* involved the standard for authenticating evidence under Federal Rule of Evidence 901, not the burden for establishing whether a signature is, in fact, proof of execution, or even the burden for establishing that a material issue of fact exists as to the execution of the arbitration agreement. *See Kalasho,* 520 F. Supp. 3d at 1293 (ruling that the general manager of defendant employer could authenticate the arbitration agreement in plaintiff employee's personnel file). Defendants also cite to *Spaeny v. TJX Cos., Inc.*, 2022 WL 334186, *2 (C.D. Cal. Feb. 3, 2022) in support of their argument that the ECIAA was formed. But *Spaeny* is materially distinguishable. *Spaeny* did not involve the right to a jury trial under 9 U.S.C.A. § 4. By contrast, here, any disputed issue of fact must go to a jury for the reasons explained below.

### c.   Plaintiff Has Requested and Is Entitled to a Jury Trial.

Plaintiff has preserved his right to a jury trial under 9 U.S.C.A. § 4 to determine whether he

---

[5] For the reasons stated above, Plaintiff objects to the use of the Tolling Agreement as evidence in this action as it violates the express terms of the Tolling Agreement. Plaintiff requests that the Court disregard the Tolling Agreement and strike any arguments based thereon.

agreed to the ECIAA. First, Plaintiff specifically demanded a jury trial in the Verified Complaint for declaratory relief, which plainly states, "Plaintiff hereby demands a jury trial for all issues so triable, including the disputed issue of fact as to whether he executed the ECIAA." (Dec. Relief Compl. 6:2-3.) Thus, this is not the case where a litigant fails to preserve the right to a jury trial under 9 U.S.C.A. § 4. *See Yeomans v. World Fin. Grp. Ins. Agency, LLC.*, No. 20-16937, 2021 WL 5356537, at *2 (9th Cir. Nov. 17, 2021). And even if that demand were not enough, which it is, Plaintiff may preserve the right to a jury trial on the issue in this Opposition. *See* 9 U.S.C.A. § 4 ("Where such an issue is raised, the party alleged to be in default may, except in cases of admiralty, on or before the return day of the notice of application, demand a jury trial of such issue, and upon such demand the court shall make an order referring the issue or issues to a jury in the manner provided by the Federal Rules of Civil Procedure, or may specially call a jury for that purpose"). Thus, for the sake of clarity, Plaintiff hereby reiterates his demand that the issue of whether he executed the ECIAA be tried before a jury pursuant to 9 U.S.C.A. § 4.

### 2. Arbitration Agreements Beyond the ECIAA Are Not at Issue in This Lawsuit.

The Court must refuse to enforce the arbitration agreements that are not the ECIAA because this lawsuit has nothing to do with those purported agreements. *See Sovereign Gen. Ins. Servs., Inc. v. LeBoeuf Lamb Greene & McRae, LLP,* No. C02-02972 CRB, 2002 WL 31109710, at *2 (N.D. Cal. Sept. 13, 2002), *citing Roby v. Corp. of Lloyd's,* 996 F. 2d 1353, 1361 (2d Cir. 1963) ("[I]f the *substance* of [the] claims, stripped of their labels, does not fall within the scope of the [arbitration] clauses, the clauses cannot apply").[6] Plaintiff's Verified Complaint is limited to the issue of "whether he executed the ECIAA proffered by Defendants." (Dec. Relief Compl. ¶ 22; *see also* ¶ 24 ("Plaintiff seeks a declaration that he did not execute the ECIAA proffered by Defendants").) This narrow issue of contract formation is not arbitrable under any arbitration agreement advanced by

---

[6] In addition, Defendants have waived any claim to enforce those additional arbitration agreements. As noted, Defendants have filed multiple demands for arbitration against Plaintiff, yet this is the first time they allege that those separate agreements require the pending state court action be sent to arbitration.

1. Defendants, including the ECIAA. *See Kum Tat Ltd.*, 845 F. 3d at 983 (holding that "challenges to the very existence of the contract are, in general, properly directed to the court"). Contrary to Defendants' argument, the lawsuit extends to no other issue. It does not extend to the issues presently before the Superior Court of California for the County of San Francisco in the Second Case (Case No. CGC-23-606246), which this Court remanded on September 1, 2023. This case also does not seek a declaration that Plaintiff did not agree to *any* arbitration. The prayer for relief underscores this point. In it, Plaintiff merely asks for a judicial determination that "he did not execute the ECIAA." (Dec. Relief Compl. at Prayer.) The only issue before this Court is whether the ECIAA was executed.[7]

Because the sole issue here is whether the ECIAA was formed, Defendants' emphasis on the purported delegation of the issue of arbitrability is not relevant. The other agreements are simply not at issue in this narrow case for declaratory relief. Defendants grasp for a stray reference in the Verified Complaint that there was no arbitration agreement between Plaintiff and ByteDance.

---

[7] Even if the other contracts were at issue, they are not enforceable here because the underlying claims in Plaintiff's pending state law case are beyond the scope of the arbitration provisions in the other purported agreements. Further, to the extent any of the additional documents were contracts upon which Plaintiff's employment was conditioned – which is presumably Defendants' explanation for their purported relevance here – they are each void and unenforceable under California Labor Code section 925 because they all select an arbitration venue outside the state, in Hong Kong. *See Aguila v. Becton and Dickinson*, 2023 WL 5988601, at *3-4 (N.D. Cal. Sept. 13, 2023) (Davila, J.) (finding an arbitration provision requiring a California employee to submit to arbitration in Chicago, Illinois was contrary to the public policy stated in Labor Code section 925 and therefore unenforceable).  The Stock Purchase Agreement and the Patent Assignment Agreement each are also each void and unenforceable under section 925 because they select Hong Kong law as the governing law. Cal. Lab. Code § 925(a)(2). For the same reasons, each of the agreements is unconscionable. *See Bernstein v. PayReel, Inc.*, No. CV 23-2575 PA (ASX), 2023 WL 5505872, at *3 (C.D. Cal. July 5, 2023) ("California courts recognize that agreements requiring employees to pursue arbitration in a distant forum often 'impose too great a burden' and are substantively unconscionable"). Furthermore, with respect to the Undertaking Agreement and the Stock Purchase Agreement, Plaintiff challenges the formation of each of those written agreements and specifically requests a jury trial to determine their formation should the Court disagree and find that those agreements are applicable in this case. Finally, with respect to the Patent Assignment Agreement, Plaintiff signed that agreement on behalf of Tank Exchange, Inc. Therefore, Plaintiff is not a party to that agreement and demands a jury trial on the issue of contract formation with him individually, should the Patent Assignment Agreement be deemed relevant to this case.

-11-
PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION
CASE NO. 3:23-CV-04910-SI

1  However, Plaintiff's declaratory relief claim relates solely to the formation of the ECIAA, which is
2  clear from the Verified Complaint. That is what Plaintiff specifically alleges when he lists the
3  elements of his claim. And that is the relief he prays for. Any effort to interpret the Verified
4  Complaint's cause of action any broader than that is wrong.

### 3. The Court Should Not Stay the Action.

In the final section of the Motion to Compel, Defendants seek additional improper relief. First, they request that if the Court determines that *any* part of this action is arbitrable, the entire action should be stayed. Second, they demand that the Court issue an injunction staying litigation of the State Court Action. Neither of these requests have merit, and the latter request may be moot by the time this motion is heard.

As a preliminary matter, both of these requests assume that Defendants will prevail on their arbitration request. They will not. Therefore, there is no basis for a stay. Furthermore, even if Defendants prevail in whole or in part on their Motion, Defendants' stay request goes too far.

While Plaintiff does not dispute that the Court must stay any part of the claim in this federal court action that is arbitrable, if any part of the federal claim is *not* arbitrable, the Court may allow litigation to run concurrently with arbitral proceedings. *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 2011 WL 2650689, at *9 (N.D. Cal. July 6, 2011) (Illston, S.), *citing Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 223 (1985). Therefore, even if the Court determines that any part of the federal claim is arbitrable (and it should not), the Court may still allow the non-arbitrable parts of the claim to be litigated in this Court.

With respect to Defendants' attempt to force a stay of the state court action, after filing the instant motion and requesting an order from this Court that would stay the State Court Action, Defendant Gao filed a motion to stay the State Court Action. (RJN Exh. 5) ByteDance has joined in that motion. (RJN Exh. 6.) Defendants do not intend to oppose the request for a stay pending this Court's ruling on this Motion. Therefore, by the time this Motion is heard, the state court may already have granted Defendant's request for a stay. If the state court grants Defendant Gao's motion for a stay, then Defendants' request that this court issue a stay of the state court action may

be moot.[8]

## IV. CONCLUSION

For the foregoing reasons, Plaintiff Yintao Yu is entitled under 9 U.S.C.A. § 4 to have a jury trial determine whether he signed the ECIAA. That is the sole issue in this case, and it is not arbitrable. Furthermore, Defendant has adequately preserved his right to a jury on the issue, both in his Verified Complaint and via this Opposition. Defendants' attempts to enforce other purported arbitration agreements do not remove Plaintiff's right to have a jury decide the factual dispute over the ECIAA's formation. Accordingly, Plaintiff respectfully requests that the Court deny the Motion to Compel Arbitration.

DATED: October 20, 2023

Respectfully submitted,
NASSIRI & JUNG LLP

By:  /s/ *Jaime Dorenbaum*

Jaime Dorenbaum
Attorneys for Plaintiff
YINTAO YU

---

[8] In the unlikely event that the state court does not issue a stay of the state court action pending resolution of this motion to compel arbitration, this Court would not have authority to issue an injunction of the state court action under the terms of the Anti-Injunction Act. 28 U.S.C.A. § 2283. Furthermore, Defendant reserves the right to challenge any future request to stay the state court action if the state court stay is lifted.