CHARLES THOMPSON, State Bar No. 139841
  thompsoncha@gtlaw.com
DAVID BLOCH, State Bar No. 184530
  guzmanan@gtlaw.com
MELISSA KENDRA, State Bar No. 291905
  melissa.kendra@gtlaw.com
ANTHONY E. GUZMAN II, State Bar No. 311580
  guzmanan@gtlaw.com
GREENBERG TRAURIG, LLP
101 Second Street, Suite 2200
San Francisco, California 94105
Telephone: 415.655.1300
Facsimile: 415.707.2010

Attorneys for Defendant
BYTEDANCE INC.

[*Additional Counsel on Next Page*]

**THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| YINTAO YU, an individual,<br><br>    Plaintiff<br><br>    v.<br><br>BYTEDANCE, INC., a Delaware Corporation; SHUYI (SELENE) GAO, an individual,<br><br>    Defendants. | Case No. 4:23-cv-04910-KAW<br><br>**DECLARATION OF DR. LINTON MOHAMMED IN SUPPORT OF MOTION TO COMPEL ARBITRATION**<br><br>[Originally San Francisco Superior Court No. CGC-23-608845]<br><br>State Action filed: September 5, 2023<br>Removal Date:     September 25, 2023<br>Trial Date:          None |

**ADDITIONAL COUNSEL**

GREGORY ISKANDER, State Bar No. 200215
  giskander@littler.com
DEMERY RYAN, State Bar No. 217176
  dryan@littler.com
LITTLER MENDELSON, P.C.
2049 Century Park East, 5th Floor
Los Angeles, California 90067
Telephone: 310.553.0308
Facsimile: 800.715.1330

DAVID S. MAOZ, State Bar No. 233857
  dmaoz@littler.com
LITTLER MENDELSON, P.C.
Treat Towers 1255 Treat Boulevard, Suite 600
Walnut Creek, California 94597
Telephone: 925.932.2468
Facsimile: 925.946.9809

Attorneys for Defendant
SHUYI (SELENE) GAO

I, DR. LINTON MOHAMMED, declare the following:

1. I am over 18 years old, competent to testify on the matters set forth herein, and would so testify if called to do so. The statements herein are based upon my own personal knowledge.

2. I am a forensic document examiner with Forensic Science Consultants, Inc.

3. I was retained to perform an independent assessment of the authenticity of certain signatures that purport to be from Yintao (Roger) Yu. I prepared a Document Examination Report outlining my analysis and conclusion, including several relevant appendices, which was attached to my prior declaration filed concurrently with Defendants' Motion to Compel Arbitration.

4. I was also retained to evaluate the Declaration of Beth Chrisman in support of Plaintiff Yintao Yu's Opposition to Defendants' Motion to Compel Arbitration (Document 25-2) in this matter. My assessment of Chrisman's Declaration and the exhibits in support thereof is as follows:

5. On Page 1, Paragraph 1 of her Declaration, Chrisman states that she is a "Certified Questioned Document Examiner."  Chrisman, however, is not certified by either of the two Document Examination Certification Boards that are accredited by the Forensic Specialties Accreditation Board (the American Board of Forensic Document Examiners and the Board of Forensic Document Examiners). According to her C.V. at Exhibit B of her Declaration, her certification is from the International School of Forensic Document Examination, an unaccredited online training program (www.internationalschool.us) advertising that individuals can "[b]ecome a certified forensic handwriting expert in under 12 Months." I am aware of Ms. Chrisman, whose opinions have been disregarded or excluded in several recent cases, including:

   a. *Neff v. Citizens Bank, N.A.*, 2023 WL 5957102, *4 (N.D. Ohio Sept. 12, 2023) (finding "opinion of [plaintiff's] expert Beth Chrisman" did not create sufficient dispute of fact to deny summary judgment after "Defendant point[ed] out that the report" contained numerous defects).

3
**DECLARATION OF DR. LINTON MOHAMMED ISO MOTION TO COMPEL ARBITRATION**

b. *Baker v. Baker*, 2018 WL 6190597, n.6 (C.D. Cal. Aug. 31, 2018) (noting exclusion at both summary judgment and trial stage due to "[t]he blatant defects in Chrisman's excluded report"); and

c. *Baker v. Firstcom Music*, 2018 WL 2676636, *2 (C.D. Cal. May 8, 2018) ("[E]xclud[ing] the testimony of Plaintiff's expert witness, Beth Chrisman, on the grounds that her methods and testimony do not comport with the legal requirements of an expert witness").

6. On Page 1, Paragraph 2 of her Declaration, Chrisman states: "A true and correct copy of my current Curriculum Vitae ('C.V.') is attached as EXHIBIT A." Exhibit A to her Declaration is a copy of her Document Examination Report, not her C.V.

7. On Page 1 of her Document Examination Report at Exhibit A ("Report"), Chrisman states: "There is a probability the Yintao Yu of the known signatures did not sign any of the questioned signatures contained in documents, Q1 and Q3 as well as the Q2, Side Letter. The opinion rendered of 'probably did not sign' could be an opinion of strong probability based on the evidence submitted for examination. However, this examiner proceeded with caution in rendering the higher-level opinion due to the quality of the questioned documents. The production of the original questioned documents or at the very least the production of a first-generation copy could lead to a more conclusive opinion." This opinion is illogical.

a. First, as defined in Appendix B of her Report, the "Opinion Levels for Expressing Conclusions" delineate levels of "probable" or "strongly probable." There is no intermediate level for "could be an opinion of strong probability based on the evidence submitted for examination."

b. Second, Chrisman cannot know if production of the original questioned documents or first-generation copies of those documents would lead to a "more conclusive opinion." She may well find evidence that weakens or completely contradicts her opinion.

8. On Page 4, Paragraph 5(c)(iii) of her Report, Chrisman states: "The 't' in Yintao contains a crossbar that moves from right to left before crossing the 't' left to right to finish the

signature. The 't' crossbar remains consistent in the clearer documents. Due to copy quality, following the strokes in some of the signatures is impossible. However, the questioned signatures appear more random and do not present the formation of the 't' or the crossbar, [sic] instead appear as random strokes and/or move in different directions." This opinion is also flawed.

  a. First, on Page 9 of her Report, Chrisman has several specimen signatures from Yintao Yu, five of which contain no apparent "t"— These specimen signatures (illustrated below) are K8, K11, K14, K15, and K20:

K8 – 08/30/2017

K11 – 07/31/2017

K14 – 07/29/2016

K15 – 07/29/2016

K20 – 06/29/2013

  b. Second, this opinion suggests Chrisman has a poor understanding of "Natural Variation," which is "the imprecision with which the habits of the writer are executed on repeated occasions (Huber), or the divergence of one execution from another in an element of an individual's writing that occurs invariably in the graph but may also occur in the choice of the allograph (Huber), or normal or usual deviations found between repeated specimens of any individual's handwriting or in the product of any typewriter or other record making machine (Hilton)."[1]

---

[1] Huber, R. & Headrick, A. (1999). Handwriting Identification: Facts & Fundamentals. CRC Press LLC, Boca Raton, FL, pg. 405.

      c.      Third, Yintao Yu has variation in his signatures, as all writers do. He has, in fact, a wide range of variation, as seen in the specimen signatures used for comparison. But this is not evidence of multiple writers. Rather, *fundamental* differences between signatures are evidence of more than one writer. Questioned signatures that fall within the range of variation of the specimen signature(s)—as is present with Yintao Yu's signatures in the Report—are evidence of one writer, unless there is evidence of simulation.

9. On Page 4, Paragraph 7 of her Report, Chrisman states: "The differences observed in the questioned signatures of questioned documents Q1, Q2-Side Note, and Q3 regarding the formation of the stroke configurations of the 't' and the crossbar of the 't,' the spacing and placement of these strokes, and the copy quality of the questioned documents are the basis for the opinion rendered of a probability Yintao Yu did not sign." However, Chrisman fails to acknowledge that the same type of differences can be found as variations of one writer within the specimen signatures submitted. The specimen signatures examined in this case prove this point because the variation between and among the specimen signatures themselves falls within the same range of variation observed between the questioned and specimen signatures examined here.

10. On Page 5 of her Report, Chrisman writes: "According to Albert Osborn in his book, Questioned Documents, 'It needs to be emphasized that two writings are identified as being by the same writer by an absence of fundamental divergences as well as by a combination of a sufficient number of similarities. The process is always a double operation, positive and negative, and if error is to be avoided neither part of the process should be overlooked. In order to reach the conclusions of identity of two sets of writings there must not be present significant and unexplained divergences. These divergences must, however, be something more than mere trivial variations that can be found in almost any handwriting." Notably, there are no such significant and unexplained divergences between the questioned and known signatures of Yintao Yu because the same "differences" cited by Chrisman in Page 4, (c, iii, iv) of her Report also occur within the specimen signatures of Yintao Yu. (see Paragraph 8(a) above).

11. On Page 5 of her Report, Chrisman states: "A process of analysis, comparison and evaluation is conducted. This process is known as the ACE Method. The guidelines and standards followed are published by SWGDOC, the Scientific Working Group for Document Examination and ABS/ANSI, the Academy Standards Board/American National Standards Institute."

  a. First, Chrisman misstates the reference: it should be "ANSI/ASB Standard."

  b. Second, Chrisman does not state which of the standards she used.

12. On Pages 6 and 7 of Appendix A of her Report, Chrisman has illustrations of enlarged questioned and specimen signatures with red and blue, non-annotated markings. The purposes of these markings are unclear, and they provide no support for her opinions.

13. In my opinion, Chrisman has not reliably applied the principle of natural variation in assessing whether features observed in the questioned and known signatures on Yintao Yu are the product of variation or, by contrast, are differences.

14. Further, Chrisman expressed an opinion that is not one of the opinion levels used by Forensic Document Examiners. Chrisman expressed, "The opinion rendered of 'probably did not sign' could be an opinion of strong probability based on the evidence submitted for examination." This opinion is not based on the evidence she examined but rather on her speculation. As such, this opinion is not based on sufficient facts or data.

15. Based on the above, Chrisman's opinions are unreliable.

    \*  \*  \*

Pursuant to the laws of the State of California, I declare under penalty of perjury that the foregoing is true and correct. Executed this 26th day of October 2023, at Poway, California.

Dr. Linton Mohammed