CHARLES H. JUNG (217909)
(charles@njfirm.com)
JAIME DORENBAUM (289555)
(jaime@njfirm.com)
PAGE R. BARNES (154539)
(page@njfirm.com)
NASSIRI & JUNG LLP
1700 Montgomery Street, Suite 207
San Francisco, California 94111
Telephone:  (415) 762-3100
Facsimile:   (415) 534-3200

Attorneys for Plaintiff
YINTAO YU

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YINTAO YU, an individual,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>BYTEDANCE, INC., a Delaware Corporation; SHUYI (SELENE) GAO, an individual,<br><br>　　　　　　　Defendants. | Case No. 3:23-cv-04910-SI<br><br>**PLAINTIFF YINTAO YU'S SUR-REPLY**<br><br>Date:　　　　December 1, 2023<br>Time:　　　　10:00 a.m.<br>Location:　　Courtroom 1, Floor 17<br>　　　　　　Via Zoom Videoconference<br><br>*State Court Action Filed: September 5, 2023*<br>*Removed: September 25, 2023* |

Pursuant to the Court's Order dated November 8, 2023, (ECF No. 32), Plaintiff Yintao Yu ("Plaintiff") submits this sur-reply in response to Defendants' Amended Objections in Support of the Motion to Compel Arbitration (ECF Nos. 30-31).

## I. THE DECLARATION OF BETH CHRISMAN IS ADMISSIBLE EXPERT TESTIMONY

### A. Ms. Chrisman Has the Requisite Qualifications to Assist the Trier of Fact

Beth Chrisman is a certified questioned document examiner, who has been qualified over 180 times in both state and federal courts. (Chrisman Dec. ISO Sur-Reply, filed concurrently, ¶ 2 ("Chrisman Sur-Reply Dec.").) Ms. Chrisman has over 15 years of document examination experience, and she has examined more than 2,100 document examination cases. (*Id*.) Ms. Chrisman is certified by the International Association of Document Examiners. (*Id*.) She has undergone extensive training, including a three-year apprenticeship. (*Id*.) She also maintains her membership and certification by attending continuing education, attending industry seminars, and completing annual proficiency testing. (*Id*.) Thus, in each of the over 180 times she has been qualified by state and federal courts, the court has correctly determined that Ms. Chrisman holds the requisite qualifications to offer expert handwriting testimony.  Ms. Chrisman has extensive specialized knowledge in the field of forensic document analysis that establishes her ability to testify as an expert.

Ms. Chrisman indisputably has the requisite qualifications to testify pursuant to Rule 702.[1] Defendants fail to contradict Ms. Chrisman's expertise. Under Federal Rule of Evidence 702, a witness may be qualified "as an expert by knowledge, skill, experience, training, *or* education." Fed. R. Evid. 702 (emphasis supplied). Rule 702 does not require a witness to have any certifications, much less specific certifications, to testify as an expert. *Noyes v. Kelly Services, Inc.*, 2008 WL 782846, at *3 (E.D. Cal. Mar. 21, 2008) ("An expert need not possess a professional degree or certification"). As demonstrated above, Ms. Chrisman's extensive education, training, and

---

[1] None of the cases that Defendants cite involving Ms. Chrisman support their contention that her qualifications are a bar to her testimony.

1  experience establish her qualifications to provide an expert opinion regarding this questioned
2  document examination.

### B. Ms. Chrisman Used Reliable Methods

Ms. Chrisman's methods are reliable. As she stated in her initial report–and as she elaborates in her supplemental declaration–Ms. Chrisman applied the ANSI/ASB standard ("Standard") for analyzing the handwriting samples. (Chrisman Dec. ISO Opposition, Ex. A at 5, ECF No. 25-2 ("Chrisman Opp. Dec."); Chrisman Sur-Reply Dec. ¶ 5.) This Standard is the same Dr. Mohammed purported to apply in his analysis. (Mohammed Dec. in Support of MTCA, Ex. 1 at 4, ECF No. 21.) Consistent with the Standard, Ms. Chrisman compared the similarities and dis-similarities in the subject signatures. (Chrisman Sur-Reply Dec. ¶ 5.)

### C. Ms. Chrisman's Methods Are Reliably Applied

Ms. Chrisman's opinion demonstrates she reliably applied the methods described above. Nevertheless, Dr. Mohammed identifies five subject documents that he assumes have Plaintiff's signatures, and that he claims undermine Ms. Chrisman's opinion. Yet, four of the five signatures Dr. Mohammed identifies–K11, K14, K15, and K20–all exhibit a distinct 't", consistent with Plaintiff's known signature characteristics. (Chrisman Sur-Reply Dec. ¶ 15.) Three of the five signatures, K11, K14, and K20 exhibit crossbars. (*Id*.) Thus, these signatures are within the range of normal characteristics identified by Ms. Chrisman reflecting Plaintiff's writing. These signatures, therefore, are entirely consistent with Ms. Chrisman's opinion.

To be sure, the signature on K8 does not have a distinct 't'. K8 purports to be an "Employment Eligibility Verification USCIS Form I-9" ("Form I-9") for Plaintiff. The signature on K8, however, does not belong to Plaintiff. (Yu Dec. ISO Sur-Reply, filed concurrently, ("Yu Sur-Reply Dec.") ¶¶ 4-9.) In fact, in December 2017, Defendant Gao told Plaintiff he had not yet filled out his employment onboarding document, meaning his Form I-9. (*Id*. ¶ 6.) The next day, Plaintiff worked with Jinjing Lu, who was Ms. Gao's direct report in ByteDance's HR department, to fill out the Form I-9. (*Id*. ¶ 7.) Plaintiff signed and dated his Form I-9 on December 28, 2017, and Ms. Lu then immediately signed on the next page of the Form I-9 on page 2 and dated her signature

1  December 28, 2017. (*Id*. ¶ 7.) Indeed, the signature on page 2 of the K8 titled "Employment
2  Eligibility Verification USCIS Form I-9" provided by Defendants was dated December 28, 2017 on
3  page 2, and was signed by "HR Specialist Jingjing Lu." (*Id*. ¶ 8, Ex. A.) Plaintiff did not sign the
4  Form I-9 on August 30, 2017. (*Id*. ¶ 10.) Nor did ByteDance present Plaintiff with a Form I-9 to sign
5  on that date. (*Id*.) The signature Defendants present as Plaintiff's on K8 page 1, which is dated
6  August 30, 2017, is inauthentic.[2] (*Id*.) Because K8 was not Plaintiff's signature, its variation from
7  Plaintiff's verified signatures does not undermine Ms. Chrisman's opinion – it bolsters her opinion.

8      Finally, Ms. Chrisman's opinion is entirely consistent with the methodology on presenting
9  forensic document examination opinions. Her relevant opinion is that there is "a probability the
10 Yintao Yu of the known signatures did not sign any of the questioned signatures contained in
11 documents, Q1 and Q3 as well as the Q2, Side Letter." (Chrisman Opp. Dec. ¶ 4(a); Ex. A at 1, ECF
12 No. 25-2.) That is consistent with the standard established by SWGDOC Standard Terminology for
13 Expressing Conclusions of Forensic Document Examiners. Ms. Chrisman also writes that she may
14 have come to a more certain determination had she been provided with higher quality documents.
15 (*Id.,* Ex. A at 1.) This uncontroversial information, however, is not Ms. Chrisman's ultimate
16 opinion. Rather, the statement illuminates why Ms. Chrisman reached the opinion she did. Such
17 information is admissible because it is relevant to the basis for Ms. Chrisman's opinion, and
18 therefore it is helpful to the trier of fact. *See, e.g.*, *Hemmings v. Tidyman's Inc.*, 285 F.3d 1174, 1184
19 (9th Cir. 2002) ("Whether testimony is helpful within the meaning of Rule 702 is in essence a
20 relevancy inquiry").

21 **II.  THE DECLARATION OF DAVID LOWE CONTAINS ADMISSIBLE
22     NONHEARSAY**

23     David Lowe's declaration is not hearsay because it is not offered for the truth of the matter
24 asserted. Fed. R. Evid. 801(c)(2). It is offered as a prior consistent statement to rebut an express

---

[2] It is notable that the questioned signature on the alleged Employee Confidentiality Inventions and Assignment Agreement ("ECIAA") – provided by Defendants, and which is the subject of this case – also was dated August 30, 2017. (Yu Sur-Reply Dec. ¶ 11.)

charge by Defendants that Plaintiff only recently took the position that he did not sign the ECIAA. Fed. R. Evid. 801(d)(B)(1)(i) (*See* Defendant's Reply ISO MTCA at 3:6-8, *Yu v. ByteDance, Inc., et al.,* Case No. 3:23-cv-03503-SI (N.D. Cal Aug. 4, 2023), ECF No. 27 ("Over the last 5 years, Mr. Yu has denied that his claims are arbitrable, but he has never— until last week's opposition to BDI's motion to compel arbitration—denied that the Agreement *exists*").) Mr. Lowe states that in early 2021, he notified ByteDance's counsel of Plaintiff's position that Plaintiff did not sign the purported ECIAA. (Lowe Dec. at ¶ 6, ECF No. 25-3.) This contradicts Defendants' argument to the contrary and demonstrates that Plaintiff has been consistent in his position that he did not sign the ECIAA. This evidence is admissible nonhearsay under Rule 801(d)(B)(1)(i).

DATED: November 13, 2023

Respectfully submitted,
NASSIRI & JUNG LLP

By: /s/ *Jaime Dorenbaum*

Jaime Dorenbaum
Attorneys for Plaintiff
YINTAO YU