UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YINTAO YU,<br><br>    Plaintiff,<br><br>    v.<br><br>BYTEDANCE INC., et al.,<br><br>    Defendants. | Case No. 23-cv-04910-SI<br><br>**ORDER FOR FURTHER BRIEFING**<br>Re: Dkt. Nos. 14, 25, 26 |

On December 1, the Court held a hearing on defendants' motion to compel arbitration based on the ECIAA, the Stock Option Assignment Agreement, the Patent Assignment Agreement, and the Undertaking Agreement. At the hearing, defense counsel asserted that the latter 3 agreements are at issue in this case because, *inter alia*, defendants intend to assert affirmative defenses and/or counterclaims based on those agreements. In light of the unusual procedural history of all of the litigation between the parties, the Court finds that it is appropriate for defendants to file an answer prior to any ruling by the Court on the pending motion to compel arbitration. Defendants shall file their answers by December 21, 2023.

As the Court indicated at the hearing, the Court is inclined to find that Yu has placed "in issue" whether he signed the ECIAA, and therefore that Yu is entitled to a jury trial on that issue. However, if the Court finds that any of the other arbitration agreements are enforceable, that could moot the need for a jury trial. Plaintiff's briefing regarding the other three agreements focused largely on the question of whether those agreements were part of this case, and not on the enforceability of those agreements. Further, since the hearing, the Ninth Circuit has issued an opinion on the enforceability of arbitration agreements containing delegation clauses. *See Bielski*

*v. Coinbase, Inc.*, No. 22-15566, 2023 WL 8408123 (9th Cir. December 5, 2023).

Accordingly, the Court finds that further briefing is required. The Court directs the parties to provide supplemental briefing on the enforceability of the other three agreements as well as the impact of *Bielski*. The supplemental briefing shall address the enforceability of the other three arbitration agreements, including (a) whether there is a signed Undertaking Agreement, (b) whether the Patent Agreement can be enforced against Yu, and (c) the impact of *Bielski*. The parties are directed to meet and confer about a supplemental briefing schedule, with briefs to be filed in January. The parties shall file a stipulation and proposed order regarding the briefing schedule by December 21. The Court will schedule a further hearing if necessary.

**IT IS SO ORDERED**.

Dated: December 8, 2023

SUSAN ILLSTON
United States District Judge

2