UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YINTAO YU,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>BYTEDANCE INC., *et al.*,<br><br>　　　　　　Defendants. | Case No. 23-cv-04910-SI<br><br>**ORDER RE: DISCOVERY**<br><br>Re: Dkt. No. 66 |

The parties have submitted three discovery disputes to the Court. As framed by the initial individual discovery statement filed by defendant ByteDance Inc. ("BDI"), BDI requests "(1) identification of the anonymous declarant who saw a signed copy of the Undertaking Agreement; (2) production of the anonymous USB drive mailed to Yu with unlawfully collected BDI HR information; and (3) Yu's in-person attendance at his re-noticed May 28th deposition." Dkt. No. 66 at 3.

### I.    Anonymous Declarant

Prior to litigation, Yu and BDI engaged in mediation. In September 2022, Yu provided BDI with a redacted witness statement in connection with the mediation. According to BDI, the witness – whose name was redacted – stated that he/she saw a copy of an employment agreement that contained Yu's signature; BDI asserts that this employment agreement is the Undertaking Agreement that BDI claims Yu signed, but BDI has not been able to locate a signed copy in its files. BDI contends that the identity of the anonymous declarant is not privileged under California or federal law. Yu opposes any discovery regarding the anonymous declarant, arguing that BDI "cannot discover information that is protected by California's mediation privilege."

As an initial matter, the Court agrees with BDI that because this case is governed by the Federal Arbitration Act, 9 U.S.C. § 4, the Court applies the federal law of privilege, not the California mediation privilege. *See In re TFT-LCD (Flat Panel) Antitrust Litig.*, 835 F.3d 1155, 1158-59 (9th Cir. 2016) (federal law of privilege applied where company sued to enforce mediated settlement, complaint originally asserted federal and state claims, and evidence at issue related to federal and state claims). Further, the Court notes that Yu's first lawsuit asserted a federal cause of action and the second lawsuit alleged claims preempted by the federal Copyright Act, and thus presumably at the time the parties engaged in mediation, the negotiations involved both federal and state law claims. *See id.* at 1159 ("Because, here, at the time the parties engaged in mediation, their negotiations concerned (and the mediated settlement settled) both federal and state law claims, the federal law of privilege applies.").

The Ninth Circuit has not yet recognized a federal mediation privilege, and district courts within the Ninth Circuit have diverged on the existence of such a privilege. *See Wilcox v. Arpaio*, 753 F.3d 873, 877 (9th Cir. 2014) (declining the opportunity to "determine whether a mediation privilege should be recognized under federal common law and, if so, the scope of such a privilege"). To the extent there is a federal mediation privilege, it does not shield the identity of a witness from discovery. *See Folb v. Motion Picture Indus. Pension & Health Plans*, 16 F. Supp. 2d 1164, 1180 (C.D. Cal. 1998) (recognizing a federal mediation privilege under which "communications to the mediator and communications between parties during the mediation are protected" as well as "communications in preparation for and during the course of a mediation with a neutral"). The result is no different if California privilege law applies. *See Rojas v. Sup. Ct.*, 33 Cal. 4th 407, 423 n.8 (2004) ("Of course, that witness statements 'prepared for the purpose of, in the course of, or pursuant to, a mediation' are protected from discovery under section 1119 does not mean that *the facts* set forth in those statements are so protected. Under section 1120, subdivision (a), because facts known to percipient witnesses constitute '[e]vidence otherwise admissible or subject to discovery outside of a mediation,' those facts do not 'become inadmissible or protected from disclosure solely by reason of [their] introduction or use in a mediation' through witness statements prepared for the purpose of, in the course of, or pursuant to, the mediation. Otherwise, contrary to

the Legislature's intent, parties could use mediation 'as a pretext to shield materials from disclosure.'") (emphasis in original).

The Court finds that the identity of the anonymous declarant is relevant to the question of whether Yu signed the Undertaking Agreement, and therefore that BDI is entitled to this information. Accordingly, the Court GRANTS BDI's request that Yu identify the anonymous declarant. Further, the Court directs Yu to respond to Request for Production No. 30, which asks for "all communications with the anonymous undertaking declarant" and to provide a privilege log for any documents that Yu claims are privileged.

## II.  USB Drive

During the parties' mediation, Yu disclosed the existence of a USB drive that he states was mailed to him by an anonymous source. The USB drive contains, at a minimum, a recording of a conversation between BDI's former counsel, Annie Villaneuva Jeffers, and several members of BDI's HR and/or Legal Departments. Jeffers Decl. ¶ 3. Jeffers has filed a declaration stating that she has listened to the recording and can confirm that the recorded conversation occurred in 2018, prior to Yu's termination. *Id*. In the conversation, the participants discussed Yu's employment obligations in relation to certain agreements Yu signed. *Id*.

BDI has requested to inspect the USB drive for forensic imaging, or alternatively for independent determination of the USB drive's contents' relevance by a third-party neutral. BDI contends that the contents of the USB drive and the USB drive's metadata is relevant to whether Yu actually signed the arbitration agreements that he denies signing because the USB drive could reveal the existence (or deletion) of other similar recordings of HR personnel discussing Yu's employment obligations or signed agreements and may contain copies of the agreements at issue.

The Court agrees with BDI that the USB drive is discoverable and that it is not covered by any mediation privilege. The record before the Court shows that Yu stated that he received the USB drive in the mail from an anonymous source, and the USB drive contains a recording of a conversation that took place in 2018, prior to any mediation. Thus, there is no evidence to show that the USB drive was specifically created for the mediation or that it would somehow constitute a

1  confidential mediation communication.  Rather, the declarations before the Court – including Yu's
2  statement that he received the USB drive in the mail from an anonymous source – show that the
3  USB drive is simply evidence that was produced by a party during mediation.  Even if the California
4  mediation privilege applied, California law provides that "[e]vidence otherwise admissible or
5  subject to discovery outside of a mediation or a mediation consultation shall not be or become
6  inadmissible or protected from disclosure solely by reason of its introduction or use in a mediation
7  or a mediation consultation."  Cal. Evid. Code § 1120(a).  If Yu contends that the USB drive contains
8  privileged materials, Yu must provide a privilege log.  The Court directs the parties to meet and
9  confer regarding the best process for conducting the forensic examination of the USB drive as well
10 as production of the contents of the USB drive.

### III. Yu's Deposition

The parties dispute what agreements were made about the timing of Yu's deposition.  In addition, Yu states that he cannot be in California until July.  BDI states that it needs to take Yu's deposition in late May or early June, and that BDI's counsel will travel to wherever Yu is to take the deposition.  The Court finds that BDI's position is reasonable and that Yu has not provided any good reason why his deposition cannot proceed on May 28 or early June.  Accordingly, the Court GRANTS BDI's request to take Yu's deposition in person on May 28 or early June if the parties prefer; that deposition shall take place wherever Yu is, and BDI's counsel shall fly to Yu's location for the deposition.

**IT IS SO ORDERED**.

Dated: May 3, 2024

SUSAN ILLSTON
United States District Judge