CHARLES H. JUNG (217909)
(charles@njfirm.com)
JAIME DORENBAUM (289555)
(jaime@njfirm.com)
NASSIRI & JUNG LLP
1700 Montgomery Street, Suite 207
San Francisco, California 94111
Telephone:  (415) 762-3100
Facsimile:   (415) 534-3200

Attorneys for Plaintiff
YINTAO YU

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YINTAO YU, an individual,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>BYTEDANCE, INC., a Delaware Corporation; SHUYI (SELENE) GAO, an individual,<br><br>　　　　　　Defendants.<br><br>BYTEDANCE, INC., a Delaware Corporation,<br><br>　　　　　　Counterclaimant,<br><br>　　v.<br><br>YINTAO YU, an individual,<br><br>　　　　　　Counter-Defendant. | Case No. 3:23-cv-04910-SI<br><br>**PLAINTIFF/COUNTER-DEFENDANT YINTAO YU'S NOTICE OF INTENT TO SEEK LEAVE OF COURT TO FILE A MOTION FOR RECONSIDERATION**<br><br>*State Action Filed:*　September 5, 2023<br>*Removed:*　September 25, 2023<br>*Trial Date:*　November 18, 2024 |

Plaintiff Yintao Yu ("Plaintiff") notifies the Court of his intent to file a Motion for Leave to File a Motion for Reconsideration of the Order re: Discovery (ECF No. 78) pursuant to Local Rule 7-9, and responds to ByteDance's Notice of Non-Compliance (ECF No. 80) as follows:

The Court should disregard ByteDance's improper notice and allow Plaintiff to file a motion for leave pursuant to Local Rule 7-9. Plaintiff will move for leave to file a motion for reconsideration of the Court's Order dated May 3, 2024 (ECF No. 78). He seeks for leave so he may demonstrate that disclosing the declarant's identity to ByteDance poses a risk to the declarant's safety and well-being. Plaintiff will also explain why the declarant's identity should not be disclosed to ByteDance's counsel pending a ruling on the motion.

Yesterday, Plaintiff informed ByteDance of his intent to file a motion for leave. Plaintiff assured ByteDance he would file the motion promptly, so as not to prolong the dispute. Plaintiff also notified ByteDance that he would withhold the identity and other information about the declarant until exercising his right to seek reconsideration. The motion would be limited in scope, as the Parties have met and conferred to coordinate a forensic imaging of the USB device and scheduling the deposition of Plaintiff on June 7 or June 10, which were the remaining items that were subject to the Court's May 3rd Order.

Despite this notice to ByteDance, they rushed to file its improper notice, presumably to undercut Plaintiff's motion. The Court should therefore disregard ByteDance's notice and permit Plaintiff to file his motion for leave in due course.

DATED: May 10, 2024

Respectfully submitted,
NASSIRI & JUNG LLP

By: /s/ Jaime Dorenbaum

Jaime Dorenbum
Attorneys for Plaintiff
YINTAO YU