| | |
|---|---|
| 1 | CHARLES H. JUNG (217909) |
| | (charles@njfirm.com) |
| 2 | JAIME DORENBAUM (289555) |
| | (jaime@njfirm.com) |
| 3 | NASSIRI & JUNG LLP |
| | 1700 Montgomery Street, Suite 207 |
| 4 | San Francisco, California 94111 |
| | Telephone:  (415) 762-3100 |
| 5 | Facsimile:   (415) 534-3200 |
| 6 | |
| | Attorneys for Plaintiff |
| 7 | YINTAO YU |

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| YINTAO YU, an individual, | | Case No. 3:23-cv-04910-SI |
| | Plaintiff, | |
| | | **DECLARATION OF ▮▮▮▮▮▮ IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE PURSUANT TO CIVIL L.R. 7-9** |
| | v. | |
| BYTEDANCE, INC., a Delaware Corporation; SHUYI (SELENE) GAO, an individual, | | |
| | Defendants. | *State Action Filed: September 5, 2023* |
| | | *Removed: September 25, 2023* |
| BYTEDANCE, INC., a Delaware Corporation, | | *Trial Date:          November 18, 2024* |
| | Counterclaimant, | |
| | v. | |
| YINTAO YU, an individual, | | |
| | Counter-Defendant. | |

I, ▮▮▮▮▮▮▮ declare as follows:

1. I am over the age of 18 and a resident of the State of California. I have personal knowledge of the facts set forth below and if called as a witness, I could and would competently testify to these matters.

2. I worked at ByteDance worldwide headquarters in Beijing, China as a product manager from 2019 to 2020 on ByteDance's moderation platform. One of the main functions of ByteDance's moderation platform was to censor content on TikTok.

3. I left ByteDance because I did not agree with ByteDance's censorship practices. I moved to the United States in 2021 to attend graduate school, and I have lived in the United States since then.

4. During my employment at ByteDance, American users' content on TikTok was censored by ByteDance employees, including ByteDance's China-based employees.

5. While at ByteDance, I personally interacted with certain ByteDance employees who served as points of contact for the Cyberspace Administration of China (CAC), China's censorship agency.

6. ByteDance works closely with the Chinese Communist Party (CCP) and Chinese national police of the Ministry of Public Security (MPS).

7. In 2022, in California, I did an interview with Agence France-Presse (AFP). In that interview, I talked about ByteDance's censorship practices and criticized ByteDance. That interview was published by Agence France-Presse. The British Broadcasting Corporation (BBC) later published a translated version of that interview.

8. My father and mother both live in China. Within a few days after the publication of the BBC's article, my father was detained by Chinese national police from the Ministry of Public Security (MPS). My father was taken to a remote secret facility. The national police said he was being detained because of my interview. Under extreme fear, my mother was crying and informed me that my father had been detained.

9. After my father was released, still under strong fear, he relayed the demands from the Chinese national police to me: The Chinese national police demanded "keep your mouth shut". They also demanded that I contact the BBC and retract that BBC article, which I did under coercion and fear. The BBC refused to retract the article.

10. Chinese national police continued harassing my family on other occasions, demanding me to delete my social media posts on Twitter, which I eventually obeyed, after my family had been threatened.

11. I anticipate I would be immediately arrested if I ever return to China, the homeland where I grew up. I had to apply for asylum in the United States. But getting asylum is not even an option for people trapped in China.

12. Based on my personal experience, I believe that ByteDance considers employees who speak out against the company's practices as "traitors" who need to be destroyed at any cost.

13. I personally do not know Mr. Yintao Yu, the Plaintiff in this case. Nonetheless, I have followed Mr. Yu's case. I am aware that there is an anonymous declarant in Mr. Yu's case, who presumably works and lives in China. My own experience with ByteDance's coercion tactics leads me to fear for any anonymous declarant whose identity is unmasked to ByteDance. During my time at ByteDance, I feared my job would be terminated if I disagreed publicly with the company. Based on what I know happened to my parents, Chinese residents must fear arrest or detention. Based on my experience, I anticipate that if the declarant's identity is unmasked to ByteDance, he/she would immediately lose his/her current job (even if he/she now works at a different company in China other than ByteDance), and I anticipate that the declarant would be arrested, or, at the minimum, be detained.

14. When my father was under detention, I was so concerned about him because I knew people who suffered permanent physical disabilities after being detained by Chinese police. My father ultimately was released. But he still suffers long term mental damage from his detention. There is no remedy for the type of harm my father suffered. I urge the Court to take seriously the dangers from unmasking the identity of any anonymous Chinese declarant to ByteDance.

1  I declare under penalty of perjury under the laws of the United States of America that the
2  foregoing is true and correct.
3  Executed on May 17, 2024, at San Jose, California.

_____