1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7    YINTAO YU,                                    Case No. 23-cv-04910-SI

8                    Plaintiff,

                                                   **ORDER RE: DISCOVERY**
9           v.
                                                   Re: Dkt. No. 106
10   BYTEDANCE INC., *et al*.,

11                   Defendants.

12

13          The parties have submitted two discovery disputes to the Court for resolution.

14

15   **I.      Deposition of Yiming Zhang**

16          Yu wishes to take the deposition of Yiming Zhang, one of the founders of ByteDance Ltd.

17   and the former CEO of ByteDance Ltd.[1]  Yu asserts that Zhang has personal knowledge of relevant

18   facts because Zhang's signature appears on three of the documents at issue in this case.  Yu also

19   asserts that Zhang "had several direct negotiations about the terms of Mr. Yu's employment."  Dkt.

20   No. 106 at 4.

21          Defendant ByteDance Inc. ("BDI") objects to the deposition on several grounds.  BDI asserts

22   that Zhang, who lives and works in Asia, "lacks specific information and was not personally

23   involved in the negotiation or execution of any of Yu's contracts."  *Id.* at 1.  BDI states that it

24   provided nine interrogatory responses explaining that two other employees, Jinmei Xiao and Meili

25   Wu, executed the agreements on BDI's behalf and outside Zhang's presence by applying Zhang's

26   "authorized signature stamp," and that a third witness, Linlin Fan, saw Yu wet-sign two of the

27   —————————————

28          [1] It is not clear from the parties' letter brief what position Zhang currently holds, though BDI
     describes him as a "senior executive."

*(left margin, vertical text)* United States District Court   Northern District of California

United States District Court
Northern District of California

1   agreements.  BDI states that it offered to produce these witnesses for deposition in either South

2   Korea or Singapore (the witnesses live in Asia), but that Yu declined.  BDI also states that in

3   response to a Rule 30(b)(6) deposition notice about, *inter alia*, the signing of Yu's contracts, it

4   offered to produce witnesses with first-hand knowledge of the signing of Yu's contracts in South

5   Korea or Singapore, but that Yu refused the offer of depositions in Asia and so instead BDI will be

6   producing one or more U.S.-based deponents who will recount BDI's understanding.

7          The parties agree that Mr. Zhang's deposition qualifies as an "apex" deposition.   "In

8   determining whether to allow an apex deposition, courts consider (1) whether the deponent has

9   unique first-hand, non-repetitive knowledge of the facts at issue in the case and (2) whether the party

10  seeking the deposition has exhausted other less intrusive discovery methods."  *Apple Inc. v. Samsung*

11  *Elec. Co., Ltd*., 282 F.R.D. 259, 263 (N.D. Cal. 2012) (internal quotation marks and citations

    omitted).

12         Based on the record before the Court, it is not clear whether Zhang has unique, first-hand,

13  non-repetitive knowledge about the negotiation and execution of Yu's contracts.  However, the

14  Court finds that Yu has not exhausted other less intrusive discovery methods, including

15  interrogatories directed at Zhang, the offer of depositions of Xiao and Wu, and the Rule 30(b)(6)

16  depositions.  Accordingly, the Court QUASHES the deposition notice to Zhang, without prejudice

17  to renewal if Yu can make a greater showing of the need to depose Zhang.

18

19

20  **II.     Deposition of Wei "Ronnie" Hua**

21         Hua is BDI's Head of Human Resources and Management.  Yu asserts that Hua oversaw his

22  onboarding and that "months after Mr. Yu joined BDI, Defendant Gao reported to Mr. Hua BDI's

23  failure to obtain onboarding paperwork from Mr. Yu."  Dkt. No. 106 at 3. Yu also asserts that Hua

24  "regularly apprised Mr. Zhang on the status of Mr. Yu's employment negotiations, including the

25  status of negotiated agreements."  *Id*.  Yu also notes that BDI already offered to produce Hua in

26  South Korea, and thus that he should be produced – but in Seattle, because BDI previously

27  represented that Hua works in Seattle.

           BDI asserts that Hua was not involved in the formation of the contracts at issue, and that

28

                                                    2

1   BDI has identified Xiao, Wu, and Fan as three fact witnesses involved in the execution of the

2   contracts. BDI also states that it previously mistakenly told Yu that Hua was based in Seattle, but

3   that he currently lives and works in Singapore, and thus any deposition of Hua would have to take

4   place in Asia.

5       Given BDI's prior offer to make Hua available for deposition, the Court is not persuaded

6   that Hua does not have relevant information.  Thus, the issue is where he should be deposed.  "A

7   subpoena may command a person to attend a trial, hearing, or deposition only as follows: (A) within

8   100 miles of where the person resides, is employed, or regularly transacts business in person."  Fed.

9   R. Civ. P. 45(c)(1)(A).  If Hua does in fact live, work, and regularly transact business in Singapore,

10  he should be deposed in Asia, and if Hua lives, works, or regularly transacts business in Seattle, he

11  should be deposed in Seattle.  The Court directs BDI to file a declaration signed under oath stating

12  where Hua lives and works, and whether Hua "regularly transacts business" in Seattle.  The

13  declaration shall be filed no later than **August 2**.[2]  Assuming BDI files a declaration stating that Hua

14  lives, works and regularly transacts business in Singapore, Yu may depose Hua in Asia at a mutually

15  agreeable location, or Yu may coordinate with BDI to take a remote deposition of Hua.

16

17      **IT IS SO ORDERED**.

18

19  Dated: July 23, 2024                    _____

20                                          SUSAN ILLSTON
                                            United States District Judge
21

22

23

24

25

26

27      [2]  In the Court's June 7, 2024 discovery order, the Court directed BDI to file several
    declarations under oath.  *See* Dkt. No. 98 ¶¶ 3-4.  To date, BDI has not filed the declarations.  By
28  August 2, BDI shall file the declarations ordered in the June 7 order by August 2, or BDI shall file
    a letter explaining why it has not yet filed those declarations.

United States District Court
Northern District of California