UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YINTAO YU,<br><br>    Plaintiff,<br><br>    v.<br><br>BYTEDANCE INC., et al.,<br><br>    Defendants. | Case No. 23-cv-04910-SI<br><br>**ORDER RE: DISCOVERY**<br><br>Re: Dkt. Nos. 111, 113, 114, 115, 118, 119, 123, 124 |

The parties have submitted six discovery disputes to the Court. The Court has reviewed the joint and separate letter briefs as well as the deposition transcript and exhibits for Mr. Yu's deposition. The cut-off for fact discovery was August 1, and trial is scheduled for November 18, 2024. The trial will be limited to the question of whether Yu signed employment agreements containing arbitration clauses or if Yu's signatures on those documents are forgeries. In light of the pretrial schedule and narrow focus of the trial, the Court rules as follows:

1. Dkt. No. 111: BDI's motion to compel production of documents reflecting Yu's signature is GRANTED IN PART. In response to BDI's request for various types of documents bearing Yu's signature, Yu produced two documents, and did not produce copies of driver's licenses, passports, or tax returns, among other items. BDI has issued subpoenas to third parties and government agencies seeking these documents, and BDI also seeks to compel Yu to request the documents. Yu raises numerous objections, including that BDI has not shown Yu has the legal right to request the documents. "Control is defined as the legal right to obtain documents upon demand." *In re Citric Acid Litig.*, 191 F.3d 1090, 1107 (9th Cir. 1999) (quotation marks omitted)). The Court finds that official documents bearing Yu's signature are relevant and that Yu has the legal right to request copies of his driver's license(s) and

1  passport(s) that were valid during 2016-2017.  Doing so is not burdensome.  *See e.g.*,
2  https://www.dmv.ca.gov/portal/customer-service/request-vehicle-or-driver-records/online-
3  driver-record-request/.;  https://foia.state.gov/Request/PersonalRecords.aspx.   Yu shall
4  submit requests for these copies no later than **August 15, 2024.**

5  2. Dkt. No. 113: BDI's request for an order to forensically examine Yu's iPhone is DENIED. BDI has not demonstrated that such intrusive and wide-ranging discovery is warranted, particularly given the limited focus of this case.

6  3. Dkt. No. 114:  BDI's request for an unredacted copy of the anonymous declarant's declaration and communications with anonymous declarant and for sanctions is DENIED. Yu states that he has produced all responsive documents as well as the identity of the anonymous declarant.  The Court agrees with Yu that BDI could have questioned him about his interactions with the anonymous declarant at his deposition and/or propounded interrogatories, but BDI did not do so.  The fact that BDI is unhappy with Yu's limited production of documents is not a reason to order production of privileged mediation documents or grant further discovery past the discovery cut-off.

4. Dkt. No. 115:  Yu's motion to quash subpoena to Sutter Health is GRANTED IN PART. The Court finds that documents containing Yu's signature are relevant, but that any private medical information is not.  Yu's counsel shall review Sutter's production and redact all private medical information prior to BDI reviewing the documents.  If the Sutter documents contain an arbitration agreement, that shall also be produced, though the Court agrees with Yu that the existence of such an agreement is not necessarily inconsistent with his deposition testimony.

5. Dkt. No. 118:  Yu's motion to compel production of ECIAA agreements for California employees is DENIED.  Yu has not demonstrated why the existence of signed ECIAA agreements for other California employees is relevant to the specific issue of whether Yu's signature on the ECIAA is a forgery.

6. Dkt. No. 119:  Yu's motion to compel production of Slack and Lark documents is GRANTED as to Slack and DENIED as to Lark.  BDI states that it has produced all Lark

communications (with metadata) about onboarding documents and agreements captured by the e-discovery plan search terms and custodians and is "currently preparing Larks from an additional custodian." Dkt. No. 124 at 2. The Court finds that the request for "all communications" between Yu and BDI on Lark is overbroad and not proportional to the limited issue in this case, and no further Lark documents are required. The Court finds that Slack communications about Yu's onboarding are relevant. BDI states that Flipagram (for which Yu ultimately worked, and which was acquired by ByteDance/BDI) used Slack during the time period that Yu was onboarded. Further, while BDI does not possess the Slack communications (and it is unclear whether Slack has retained them), BDI has the legal right to request communications from Slack. BDI is ordered to request communications from Slack pursuant to the e-discovery protocol that the parties have already agreed upon. BDI shall initiate that request no later than **August 15, 2024.**

**IT IS SO ORDERED**.

Dated: August 13, 2024

_____
SUSAN ILLSTON
United States District Judge