UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YINTAO YU,<br><br>    Plaintiff,<br><br>    v.<br><br>BYTEDANCE INC., et al.,<br><br>    Defendants. | Case No. 23-cv-04910-SI<br><br>**ORDER RE: PLAINTIFF'S DISCLOSURE OF REBUTTAL EXPERT AND DENYING DEFENDANTS' MOTION FOR DEFAULT**<br><br>Re: Dkt. Nos. 133, 144, 145 |

The Court has reviewed the parties' submissions regarding plaintiff's designation of a rebuttal expert witness. After consideration of the parties' arguments, including the fact that counsel disagree about whether the stipulated pretrial schedule that the Court adopted was intended to preclude the designation of rebuttal experts, the Court concludes that plaintiff should be permitted to disclose his rebuttal witness. Because there was no agreement regarding what the parties intended by including a single expert disclosure deadline, the Court concludes that Rule 26(a)(2)(D)'s 30-day rule regarding disclosure of rebuttal experts applies. *See* Fed. R. Civ. Proc. 26 advisory committee's notes to 1993 amendment; *Newfield Prod. Co. v. Eighty-Eight Oil LLC*, No. 1:16-CV-00273, 2018 WL 4347599, at *1 (D.N.D. July 24, 2018) ("Most federal courts addressing the issue have concluded that, when a scheduling order is silent on the issue of designation of a rebuttal expert, the rebuttal expert is allowed based on Rule 26(a)(2)(D)(ii) of the Federal Rules of Civil Procedure.").[1]

The Court also finds that defendants will not be prejudiced by the disclosure because the Court REOPENS expert discovery until October 1, 2024, for the limited purpose of allowing

---

[1] It is the Court's view, however, that plaintiff's counsel should have filed a response to defendants' August 9, 2024 objection to alert defendants and the Court to plaintiff's intention to disclose a rebuttal expert.

defendant to conduct discovery regarding Mr. Ryan and his opinions. The parties shall cooperate regarding this discovery, and if any issues arise, the parties are directed to file a joint statement as directed in the Court's standing order or to file a motion if appropriate. <u>The Court instructs the parties not to email the Court's Clerk with substantive arguments, and the Court will not entertain any further litigation-by-email.</u> <u>Counsel shall only contact the Court's Clerk regarding administrative matters, such as the scheduling of a hearing.</u> To the extent that defendants contend that Mr. Ryan's expert report is not truly a rebuttal report, defendants may raise that issue in a motion.

Finally, the Court DENIES defendants' motion for default. Although untimely, plaintiff did file an answer to defendants' counterclaims. This case has been actively litigated from its inception, and "[c]ases should be decided upon their merits whenever reasonably possible." *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986).

**IT IS SO ORDERED**.

Dated: September 17, 2024

_____
SUSAN ILLSTON
United States District Judge