CHARLES O. THOMPSON, State Bar No. 139841
  charles.thompson@gtlaw.com
DAVID BLOCH, State Bar No. 184530
  david.bloch@gtlaw.com
MELISSA J. KENDRA, State Bar No. 291905
  melissa.kendra@gtlaw.com
ANTHONY E. GUZMAN, State Bar No. 311580
  guzmanan@gtlaw.com
GREENBERG TRAURIG, LLP
101 Second Street, Suite 2200
San Francisco, California 94105-3668
Telephone: 415.655.1300
Facsimile: 415.707.2010

Attorneys for Defendant / Counter-Claimant
BYTEDANCE INC.

[*Additional Attorneys on Next Page*]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YINTAO YU, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>BYTEDANCE, INC., a Delaware Corporation; SHUYI (SELENE) GAO, an individual,<br><br>    Defendants.<br><br>BYTEDANCE, INC. a Delaware Corporation,<br><br>    Counter-Claimant,<br><br>v.<br><br>YINTAO YU, an individual,<br><br>    Counter-Defendant. | Case No. 3:23-cv-04910-SI<br><br>**MOTION IN LIMINE NO. 12**<br><br>**MOTION TO EXCLUDE REFERENCE TO THE CHINESE GOVERNMENT**<br><br><br>State Action Filed:   September 5, 2023<br>Removal Date:       September 25, 2023<br>Trial Date:            November 18, 2024 |

# **ADDITIONAL COUNSEL**

DEMERY RYAN, State Bar No. 217176
  dryan@littler.com
DAVID S. MAOZ, State Bar No. 233857
  dmaoz@littler.com
LITTLER MENDELSON, P.C. 2049 Century Park East, 5th Floor
Los Angeles, California 90067
Telephone: 310.553.0308
Facsimile: 800.715.1330

GREGORY ISKANDER, State Bar No. 200215
  giskander@littler.com
LITTLER MENDELSON, P.C.
Treat Towers 1255 Treat Boulevard, Suite 600
Walnut Creek, California 94597
Telephone: 925.932.2468
Facsimile: 925.946.9809

Attorneys for Defendant
SHUYI (SELENE) GAO

**TO THE COURT, PLAINTIFF, AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE:** Defendants ByteDance Inc. ("BDI") and Selene Gao ("Gao") (collectively, "Defendants"), by and through their respective counsel, hereby jointly move *in limine*, prior to the voir dire examination of the jury panel, and before the presentation of any evidence, that this Court bar Plaintiff, Yintao Yu ("Yu") and his counsel from presenting any evidence, argument, or reference concerning the Chinese government, Chinese Communist Party ("CCP"), or their operations, subdivisions, governing bodies, members (collectively, the "Chinese Government"), including but not limited to:

1. Any alleged involvement in retaliating against, threatening, intimidating, punishing, or harming whistleblowers, journalists, or political dissidents or any of their family members or acquaintances;

2. Any alleged involvement with or relationship to ByteDance[1] or its operations and employees.

Evidence, argument, and references to the Chinese Government or its acts and relationships is irrelevant and more prejudicial than probative.

## I.  LEGAL ARGUMENT

### A.  The Chinese Government, Chinese Communist Party, and Their Related Operations Are Irrelevant to the Instant Action

The alleged acts of, or BytedDance's alleged relationship to, the Chinese Government are irrelevant because they do not make it more or less likely that Yu signed or otherwise entered into the agreements in question. Fed R. Evid. 401, 402; *U.S. v. Dean*, 980 F. 2d 1286, 1288–89 (9th Cir. 1992) (considering irrelevant evidence's admission an abuse of discretion). Yu references the Chinese Government nowhere in this action's complaint. ECF 1, Ex. 1-A. And even when Yu referenced the Chinese Government in his complaints filed in other actions, those references were never made in connection with his initial hiring, onboarding, or execution of employment-related agreements. *Fang v. Liu*, 2022 WL 3718507, at *2 (N.D. Cal. Aug. 29, 2022) (finding "no logical or legal relevance between Defendant's political affiliation in China and any fact of consequence in [breach of contract] case" where relevance theory "[wa]s based on a

---

[1] "ByteDance" refers to the ByteDance group of entities, which is inclusive of ByteDance Ltd. ("BDL"), ByteDance Inc. ("BDI"), and any other affiliate or operating entities, including TikTok Inc.

logical chain [whose] missing link" was not "pleaded in the Complaint"). As such, any such reference or argument to the Chinese Government, including the Chinese Communist Party, is irrelevant and should be precluded.

### B. Introduction of Any Evidence, Argument, or Reference to the Chinese Government, Chinese Communist Party, and Their Related Operations Would Be Substantially More Prejudicial Than Probative

Additionally, any attempt to introduce evidence, argument, or commentary regarding the alleged acts of, or ByteDance's alleged relationships to, the Chinese Government is substantially more prejudicial than probative. Invoking these would unduly prejudice Defendants by insinuating (without any merit or evidentiary basis) a connection to, involvement with, or complicity in alleged conspiratorial bad acts committed by a third party. Such would not only inflame the passions of the jury but also evoke unwarranted juror sympathy.

It would similarly confuse the issues and mislead the jury given the limited nature of the proceeding under the Federal Arbitration Act and its singular purpose in determining whether Yu signed or otherwise entered into the arbitration agreements in question. *Kinsel v. BMW of N. Am. LLC*, 2023 WL 11899597, at *11 (D. Ariz. June 21, 2023) (prohibiting parties from "referring to Plaintiff as a 'victim'" where doing so "carries little value and is outweighed by potential prejudice," including "improperly promot[ing] bias, sympathy, and inflame passion among the jury" and cause confusion by "impl[ying] criminal legal proceedings").

The legitimate risk of substantial prejudice is particularly apparent here given counsel's repeated invocation of these alleged acts and relationships in prior pleadings to insinuate ByteDance's connection to or complicity with a host of alleged atrocities, ranging from kidnapping to torture. ECF 85-1 (declaration of Yu's counsel attaching a host of irrelevant articles regarding alleged acts of the CCP).

///
///
///
///
///

## II.  CONCLUSION

Based on these reasons, Defendants respectfully request that this Court prohibit any allegations, references to, or mention of the Chinese Government.

DATED:  October 22, 2024                    GREENBERG TRAURIG, LLP

By:   */s/ Charles O. Thompson*
            Charles O. Thompson
            David Bloch
            Melissa J. Kendra
            Anthony E. Guzman II

Attorneys for Defendant / Counter-Claimant
BYTEDANCE INC.