1  CHARLES THOMPSON, State Bar No. 139841
   thompsoncha@gtlaw.com
2  DAVID BLOCH, State Bar No. 184530
   david.bloch@gtlaw.com
3  MELISSA J. KENDRA, State Bar No. 291905
   melissa.kendra@gtlaw.com
4  ANTHONY E. GUZMAN II, State Bar No. 311580
   guzmanan@gtlaw.com
5  GREENBERG TRAURIG, LLP
6  101 Second Street, Suite 2200
   San Francisco, California 94105
7  Telephone: 415.655.1300
   Facsimile: 415.707.2010
8
   Attorneys for Defendant / Counter-Claimant
9  BYTEDANCE INC.

10  [*Additional Counsel on Following Page*]

11  **THE UNITED STATES DISTRICT COURT
   FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| YINTAO YU, an individual, | Case No. 3:23-cv-04910-SI |
| Plaintiff | **NOTICE OF AVAILABILITY OF FOREIGN WITNESS HAIYI BAO** |
| v. | [Originally San Francisco Superior Court No. CGC-23-608845] |
| BYTEDANCE INC., a Delaware Corporation; SHUYI (SELENE) GAO, an individual, | |
| Defendants | |
| BYTEDANCE INC., a Delaware Corporation, | |
| Counter-Claimant | |
| v. | |
| YINTAO YU, an individual, | State Action Filed: September 5, 2023 |
| Counter-Defendant | Removal Date: September 25, 2023 |
| | Trial Date: November 18, 2024 |

**ADDITIONAL COUNSEL**

GREGORY ISKANDER, State Bar No. 200215
  giskander@littler.com
DEMERY RYAN, State Bar No. 217176
  dryan@littler.com
LITTLER MENDELSON, P.C.
2049 Century Park East, 5th Floor
Los Angeles, California 90067
Telephone: 310.553.0308
Facsimile: 800.715.1330

DAVID S. MAOZ, State Bar No. 233857
  dmaoz@littler.com
LITTLER MENDELSON, P.C.
Treat Towers 1255 Treat Boulevard, Suite 600
Walnut Creek, California 94597
Telephone: 925.932.2468
Facsimile: 925.946.9809

Attorneys for Defendant
SHUYI (SELENE) GAO

**TO THE CLERK AND COURT:** Defendants ByteDance Inc. ("BDI") and Shuyi (Selene) Gao submit this notice of witness availability for foreign witness Haiyi Bao in advance of the court-ordered evidentiary hearing related to Defendants' Motion for Terminating Sanctions.

On October 25, 2024, Defendants filed a Motion for Terminating Sanctions based, in part, on Yu's fabrication of evidence—namely, an "anonymous" declaration he later represented as being signed by former ByteDance Group Human Resources Business Partner Haiyi Bao. Ms. Bao, however, never reviewed or signed this declaration. On October 29, 2024, this Court scheduled an evidentiary hearing regarding Defendants' Motion for Terminating Sanctions and ordered Ms. Bao to testify at that hearing. *See* ECF 210. The hearing is currently scheduled for November 18, 2024. *Id.*

As relevant here, Ms. Bao is a citizen of the People's Republic of China and lives in Hangzhou, China. She is currently the primary caretaker for and still breastfeeding her 21-month-old son, and she cannot leave him to travel to the United States to testify in this matter. Ms. Bao also cannot provide oral testimony from China. *See* Article 277 of Chinese Civil Law; *see also Yan v. Zhou*, 2021 WL 4059478, at *3 (E.D.N.Y. Sept. 7, 2021) ("conducting the plaintiff's trial testimony remotely while he was located in China violated Section 277 of the Civil Procedure Law of the People's Republic of China, which exposed Plaintiff and the questioning attorneys to legal sanctions") (internal citations omitted).

Ms. Bao is willing to travel to Seoul, South Korea for one day to testify that she did not sign the anonymous declaration, permitted she is able to timely secure a visa in order to do so. There is a 17-hour time difference between Seoul and San Francisco, making it extremely difficult for Ms. Bao to testify during normal operating hours for the court. Defendants therefore propose the following options for the Court's consideration:

1. Defendants will take Ms. Bao's deposition from South Korea in advance of the evidentiary hearing. We propose that the deposition: (1) be limited to testimony regarding the anonymous declaration; (2) not exceed one (1) hour; and (3) be video recorded. Defendants propose that

1
**NOTICE OF AVAILABILITY OF FOREIGN WITNESS HAIYI BAO**

the Court provide any specific questions for Ms. Bao to the Parties in advance of the deposition, and Defendants will ensure those questions are posed to Ms. Bao during her deposition. Following her deposition, Defendants would submit Ms. Bao's video-recorded testimony to the Court for its review and consideration.

2. Alternatively, Ms. Bao can testify at the upcoming evidentiary hearing outside of normal operating hours. Ms. Bao can likely be made available at 6 p.m. PST.

Defendants respectfully request clarification from the Court as to how it would like to proceed with Ms. Bao's testimony in light of the fact that Ms. Bao lives abroad, cannot testify from her home country without being subject to legal sanctions, and has extremely limited availability to travel given her status as a primary caretaker for her child.

DATED: November 7, 2024

GREENBERG TRAURIG, LLP

By: _____
Charles O. Thompson
David Bloch
Melissa J. Kendra
Anthony E. Guzman II

Attorneys for Defendant / Counter-Claimant
BYTEDANCE INC.