1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

YINTAO YU,

                    Plaintiff,

          v.

BYTEDANCE INC., et al.,

                    Defendants.

Case No. 23-cv-04910-SI

**ORDER GRANTING DEFENDANT'S MOTION FOR TERMINATING SANCTIONS; COMPELLING ARBITRATION AND STAYING THIS ACTION PENDING ARBITRATION; AND DENYING ALL OTHER PENDING MOTIONS AS MOOT**

Re: Dkt. Nos. 166-174, 177-184, 186, 188-196, 202-203, 224-225, 231

On November 20, 2024, the Court held an evidentiary hearing on defendants' motion for terminating sanctions. For the reasons set forth below, the Court GRANTS the motion, COMPELS arbitration pursuant to the ECIAA, and STAYS this case pending arbitration. All other pending motions are DENIED AS MOOT.

**BACKGROUND**

Plaintiff Yintao Yu is a former employee of defendant ByteDance Inc. ("BDI"). Prior to filing the current declaratory relief action, Yu filed two lawsuits against BDI arising out of his employment and termination. The first lawsuit was filed by Yu *in pro per* on November 17, 2022, in the Superior Court for the County of San Francisco, and alleged eleven causes of action related to his employment and termination. On February 16, 2023, BDI removed that case to this Court, *Yu v. ByteDance Inc.*, Case No. 23-707 SI (N.D. Cal.), and on February 23, 2023, BDI moved to compel arbitration, asserting that Yu was required to arbitrate his claim pursuant to an "Employee Confidentiality Inventions and Assignment Agreement," ("ECIAA") that BDI claimed Yu signed.

Yu did not respond to the motion, and on April 20, 2023, the Court dismissed that lawsuit without prejudice for failure to prosecute.

On May 1, 2023, Yu, now represented by his current counsel, filed a second lawsuit in San Francisco Superior Court, alleging employment claims against BDI and Shuyi (Selene) Gao, the head of Human Resources at BDI. On July 13, 2023, BDI removed that lawsuit to this Court based upon federal copyright preemption, *Yu v. ByteDance et al.*, Case No. 23-3503 SI (N.D. Cal.). The next day, BDI moved to compel arbitration pursuant to the ECIAA. Yu moved to remand, and in an order filed September 1, 2023, the Court dismissed the preempted copyright claims and remanded the balance of the case to the Superior Court. That case is pending in state court, and has been stayed awaiting the outcome of the declaratory relief action presently before this Court.

On September 5, 2023, Yu filed this declaratory relief action against BDI and Gao in the Superior Court for the County of San Francisco. The complaint seeks a judicial determination that Yu did not sign the ECIAA and therefore could not be compelled to arbitrate his employment claims. Yu alleged, *inter alia*, "Having read the ECIAA, Plaintiff is confident that this is not a document he signed and that the arbitration agreement contained on page 11 of the ECIAA was not included in any document that he signed." Compl. ¶ 17. On September 25, 2023, BDI removed the case to this Court pursuant to the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. § 203. *Yu v. ByteDance Inc. et al.*, Case No. 23-4910 SI.

On October 5, 2023, BDI moved to compel arbitration pursuant to the ECIAA, as well as three additional employment agreements containing arbitration clauses: the Stock Option Award Agreement, the Patent Assignment Agreement, and the Undertaking Agreement. On December 20, 2023, BDI filed an answer and counterclaim seeking a declaration that Yu signed the Stock Option Award Agreement, the Patent Assignment Agreement, and the Undertaking Agreement. Yu moved to dismiss the counterclaim and opposed the motion to compel arbitration, and Yu filed several declarations stating that he did not sign any employment agreements containing arbitration provisions. In connection with the motions, Yu and BDI each filed declarations from handwriting experts who provided conflicting opinions about whether Yu's signatures on the four agreements were genuine or forgeries.

In an order filed February 20, 2024, the Court denied BDI's motion to compel arbitration, finding that there were factual questions as to whether Yu signed any of the agreements, and denied Yu's motion to dismiss the counterclaim.  Dkt. No. 61.   On February 26, 2024, the Court set a pretrial schedule and set a trial date for a November 18, 2024 jury trial on the issue of whether Yu signed the four agreements at issue.

Contentious discovery commenced.  *See* Dkt. Nos. 66-100, 106-116, 118-120, 122-132, 139, 141-142, 147, 152 (discovery statements, motions, and orders).

## I.      **Anonymous Declarant**

One of the parties' many discovery disputes concerned BDI's attempts to learn the identity of an anonymous witness who had submitted a declaration, with the name redacted, on Yu's behalf in connection with a pre-litigation mediation between Yu and BDI.  The declaration stated that the individual was an employee in a ByteDance HR Department, and had "observed an executed two-year term supplemental employment agreement between Mr. Yintao (Roger) Yu and ByteDance dated August 30, 2017 in Mr. Yintao (Roger) Yu's ByteDance personnel file, which was supplemental to Mr. Yintao (Roger) Yu's executed offer letter dated June 7, 2017."  Yu Decl. in Support of Mtn. for Reconsideration, (Dkt. No. 84-6, Ex. A).  BDI believed that the supplemental employment agreement referenced in the declaration was the Undertaking Agreement, one of the four arbitration agreements at issue in this case.

When Yu refused to provide the declarant's identity, BDI moved to compel.  Dkt. No. 66. Yu opposed the motion on the ground that the declarant's identity was protected by California's mediation privilege.  Dkt. No. 74.  In an order filed May 3, 2024, this Court held that the identity of the declarant was not privileged and ordered Yu to identify the anonymous declarant, respond to BDI's request for "all communications with the anonymous [] declarant," and provide a privilege log.  Dkt.  No. 78. Yu failed to comply with the Court's Order, and on May 10, 2024, Yu notified the Court of his intent to file a motion for reconsideration of the May 3 order "so he may demonstrate that disclosing the declarant's identity to ByteDance poses a risk to the declarant's safety and well-being."  Dkt. No. 80.

On May 21, 2024, Yu requested leave to file a motion for reconsideration, asserting that the declarant's safety was at risk if his/her identity was disclosed to BDI.  Dkt. No. 85.  In support of the motion, Yu filed a declaration signed under penalty of perjury stating, "I believe the anonymous declarant's safety and wellbeing would be compromised if it is disclosed to ByteDance" and "[t]his belief is related to the declarant's fear of retaliation from ByteDance."  Yu Decl. in Support of Mtn. for Reconsideration ¶ 9 (Dkt. No. 85-2).  Yu attached to his declaration a copy of the anonymous declaration.  *Id*. Ex. A & Dkt. No. 84-6.

On June 7, 2024, the Court held a hearing on Yu's motion for reconsideration.  Dkt. Nos. 99, 104 (transcript of hearing).  In response to questioning from the Court, Yu's counsel stated that they had not been in contact with the anonymous declarant and did not know his/her identity.  June 7, 2024 Transcript at 4-6 (Dkt. No. 104).  At the conclusion of the hearing, the Court once again ordered Yu to disclose the declarant's identity, and ordered BDI not to retaliate against the anonymous declarant in any way and to file a signed declaration affirming that no such retaliation would occur.  Dkt. No. 98.  During Yu's in-person deposition later that day, Yu testified that he "did not have the name on the top of my head" and that he needed to get that information from the lawyer who represented him during the mediation.  Yu Depo. at 239-240 (Dkt. No. 241).  On June 8, 2024, Yu's counsel disclosed to BDI that the anonymous declarant was Haiyi Bao, who worked for ByteDance in Beijing from August 2017 through January 2024.  Thompson Decl. in Support of Sanctions Mtn. ¶ 9 (Dkt. No. 202-1)

As detailed in BDI's motion for terminating sanctions, BDI employee Linlin Fan subsequently contacted Bao to ask about the signed agreement referenced in Bao's purported declaration. Fan Decl. in Support of Sanctions Mtn. ¶¶ 3, 4 (Dkt. No. 202-3).  In her declaration to this Court in support of BDI's motion for terminating sanction, Fan states, "Bao told me that she had never reviewed Yu's personnel file, seen a signed two-year term supplemental agreement therein, or signed a declaration on behalf of Yu."  *Id*. ¶ 4.  Bao herself also submitted a declaration in support of BDI's motion for terminating sanctions stating,

> 1. I have been a partner of the Human Resources Business from August 2017 to January 2024.

2. I met Yintao "Roger" Yu ("Yu") for the first time around October 2017. I talked to Yu several times via WeChat. I don't know what documents Yu has signed in connection with his employment with ByteDance Inc. ("BDI"). I did not witness Yu signing any documents in connection with his employment with BDI. I have not checked or reviewed the documents in Yu's personnel file.

3. On July 15, 2024, BDI's counsel Melissa Kendra (of Greenberg Traurig, LLP) contacted me regarding a redacted declaration (attached here as Exhibit A) (the "Anonymous Declaration"). BDI's counsel asked if I signed the anonymous declaration. I have never seen or reviewed this Anonymous Declaration before. I did not sign this Anonymous Declaration. I have never signed any declaration for Yu.

4. Contrary to what the anonymous declaration contained, I did not see a two-year supplemental employment agreement signed between Yu and BDI on August 30, 2017 in Yu's personnel file.

5. The last time I talked to Yu on WeChat was in 2019.

Bao Decl. in Support of Sanctions Mtn. (Dkt. No. 202-6).[1]

## II.    Bankruptcy

At his June 7, 2024 deposition, Yu was presented with documents from a Chapter 13 bankruptcy petition filed by "Y. Roger Yu" in the Northern District of California, including the petition and a February 15, 2023 declaration opposing a motion for relief from stay filed by "Y. Roger Yu" and containing a signature of "Y. Roger Yu." Yu denied filing the petition; denied that the signature on the declaration was his; and testified that the lawyers listed on the bankruptcy filings (Nancy Weng and Arasto Farsas) were "not my attorney[s]" and that he had never hired them or talked to them. *See* Yu Depo. at 65, 242-246 & exhibits thereto.

## III.    Evidentiary Hearing

This case was set for a jury trial to begin on November 18, 2024. On October 25, 2024, defendants filed a motion for terminating sanctions, contending that Yu had engaged in numerous forms of misconduct in this litigation, including fabricating the anonymous declarant/declaration and committing perjury at his deposition when he denied filing the bankruptcy petition and signing the bankruptcy declaration. *See generally* Dkt. No. 202.

---

[1] Defendants filed a Mandarin version of Bao's declaration and a translated version. Yu did not object to the translation.

1    On October 29, 2024, this Court vacated the trial date in this matter, suspended briefing on

2  all trial-related motions, and set a briefing schedule and evidentiary hearing regarding the motion

3  for terminating sanctions.  Dkt. No. 209.  The Court informed the parties that it was particularly

4  concerned about the alleged misconduct related to the anonymous declarant/declaration and Yu's

5  deposition testimony about the bankruptcy, and the Court's order included a list of witnesses that

6  the Court wished to have appear at the evidentiary hearing.  *Id*.; *see also Chambers v. NASCO, Inc*.,

7  501 U.S. 32, 44 (1991) ("[A] court has the power to conduct an independent investigation in order

8  to determine whether it has been the victim of fraud.").  The Court also directed plaintiff's counsel

9  to be prepared to address what they knew, and when, regarding the anonymous

10  declarant/declaration.

11    The evidentiary hearing was originally scheduled to begin on Monday, November 18, 2024.

12  On November 12, 2024, the parties emailed the Court's clerk stating that they had reached a

13  "tentative agreement to resolve the matter, and are drafting a stipulation."  The Court rescheduled

14  the evidentiary hearing to Wednesday, November 20.  Dkt. No. 223.  The parties did not file a

15  stipulation, and instead on Friday, November 15, Yu filed a motion to dismiss.  The motion stated,

16  *inter alia*, that "Yu has decided not to contest the ECIAA's arbitration provision and to proceed to

17  arbitration under its terms," and sought to dismiss the complaint with prejudice and to dismiss

18  defendants' counterclaim without prejudice.  Dkt. No. 224.  Yu also sought to have the motion heard

19  on shortened time prior to the evidentiary hearing, asserting that the motion to dismiss would moot

20  the need for an evidentiary hearing.  Dkt. Nos. 224-225.  On Monday, November 18, Yu filed a

21  motion to enforcement a settlement agreement, contending that the parties had reached a settlement,

22  and on November 19, Yu filed an administrative motion to continue the evidentiary hearing,

23  asserting that the Court should first rule on the motion to enforcement the settlement agreement

24  prior to any evidentiary hearing.  Dkt. Nos. 231, 233.  The Court denied the administrative motion

25  to continue.  Dkt. No. 234.

26    The evidentiary hearing proceeded on November 20, 2024.  At that hearing, Yu's counsel[2]

27  _____

28    [2]  On the morning of November 20, attorney Patrick Richard Delahunty filed a notice of
appearance on behalf of Yu, and Mr. Delahunty represented Yu during the evidentiary hearing.  Yu's

United States District Court
Northern District of California

United States District Court
Northern District of California

informed the Court that Yu intended to generally assert his Fifth Amendment right against self-incrimination, and specifically that Yu would be invoking his Fifth Amendment rights in response to any questions about whether he fabricated the anonymous declaration and whether he filed a bankruptcy petition and signed the February 15, 2023 bankruptcy declaration. Nov. 20 Transcript at 8-19, 61-62 (Dkt. No. 237). Yu's counsel asserted that because Yu would be invoking his Fifth Amendment rights, the Court could draw adverse inferences against Yu and that those inferences, in conjunction with the evidence already submitted, would permit the Court to grant defendants' motion for terminating sanctions without the need for any additional testimony from other witnesses. *Id*. at 16. Based upon those representations, the Court dismissed all witnesses except Haiyi Bao, the purported anonymous declarant.

Bao testified with the assistance of an interpreter via zoom from South Korea. *Id*. at 43-60. Bao's testimony was consistent with the declaration she filed in support of defendants' sanctions motion, namely that she did not prepare the anonymous declaration and never authorized Yu to prepare that declaration on her behalf; she had never seen the declaration prior to BDI's counsel showing it to her; and that when she worked for BDI she did not have access to Yu's personnel file and she never saw any signed agreement like the one referenced in the anonymous declaration. *Id*. at 46-51.

Yu then took the stand. Yu invoked his Fifth Amendment rights in response to every question, including questions about whether he fabricated the anonymous declaration; his deposition testimony about the bankruptcy case; and the veracity of statements made in the bankruptcy filings themselves. *Id*. at 64-79.

Finally, in response to questioning from the Court, Yu's counsel stated that they were unaware of any dispute as to the authenticity of the anonymous declarant/declaration until defendants filed the motion for terminating sanctions, and that prior to that filing that they had refrained from contacting Bao directly because they believed she was a current BDI employee. *Id*. at 80-85.

---

counsel from Jung & Nassiri, who have represented Yu throughout this litigation, responded to the Court's questions about this litigation after Yu concluded his appearance on the witness stand.

1

2                                  **LEGAL STANDARD**

3          District courts have inherent power to impose sanctions for "conduct which abuses the

4  judicial process." *Chambers*, 501 U.S. at 44-45. "Dismissal is an available sanction when 'a party

5  has engaged deliberately in deceptive practices that undermine the integrity of judicial proceedings'

6  because 'courts have inherent power to dismiss an action when a party has willfully deceived the

7  court and engaged in conduct utterly inconsistent with the orderly administration of justice.'" *Leon*

8  *v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006) (quoting *Anheuser-Busch, Inc. v. Natural*

9  *Beverage Distribs.*, 69 F.3d 337, 348 (9th Cir. 1995)).

10         Terminating sanctions should be imposed only in extreme circumstances, "where the

11  violation is 'due to willfulness, bad faith, or fault of the party.'" *In re Exxon Valdez*, 102 F.3d 429,

12  432 (9th Cir. 1996) (quotation omitted). In deciding whether to impose terminating sanctions, courts

13  consider the following factors: "(1) the public's interest in expeditious resolution of litigation; (2)

14  the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4)

15  the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic

16  sanctions." *Leon*, 464 F.3d at 958 (quoting *Anheuser-Busch*, 69 F.3d at 348). While the district

17  court need not make explicit findings regarding each of the five factors, a finding of "willfulness,

18  fault, or bad faith" is required for dismissal or default judgment to be proper. *See Leon*, 464 F.3d at

19  958. "In deciding whether to impose case-dispositive sanctions, the most critical factor is not merely

20  delay or docket management concerns, but truth." *Connecticut Gen. Life Ins. Co. v. New Images of*

21  *Beverly Hills*, 482 F.3d 1091, 1097 (9th Cir. 2007). The Court has "broad fact-finding powers" with

22  respect to sanctions, and its findings warrant "great deference." *Townsend v. Holman Consulting*

23  *Corp.*, 929 F.2d 1358, 1366 (9th Cir. 1990).

24         In addition, "[w]hen a party asserts the privilege against self-incrimination in a civil case,

25  the district court has discretion to draw an adverse inference from such assertion." *Nationwide Life*

26  *Ins. Co. v. Richards*, 541 F.3d 903, 911 (9th Cir. 2008). "[T]he inference may be drawn only when

27  there is independent evidence of the fact about which the party refuses to testify." *Id.* at 912.

28

United States District Court<br>Northern District of California

**DISCUSSION**

## I.    Sanctions Motion

Defendants' motion for terminating sanctions seeks an order granting the following relief:

> Dismissing the Complaint for declaratory relief filed by Yu, and entering default judgment in favor of Defendants' as to the Countercomplaint, including: (a) the declaratory that Yu executed the four disputed agreements at issue, including the Employee Confidentiality and Inventions Assignment Agreement, the Undertaking Agreement, the Notice of Stock Option Award and Stock Option Award Agreement, and the Side Letter to the Patent Assignment Agreement; and (b) the order compelling Yu to arbitration pursuant to the terms of the Employee Confidentiality and Inventions Assignment Agreement on all claims currently alleged or that could be alleged in his concurrent state court proceeding pending in California Superior Court, County of San Francisco. [errors in original]

Proposed Order at 2 (Dkt. No. 202-7).  Defendants also request that the court stay this action pending arbitration.  Defendants contend that Yu has abused the judicial process through pervasive lies and obstruction, and that Yu's misconduct had prejudiced defendants by impairing their ability to go to trial and interfering with a rightful decision in this case.

Yu's opposition to the sanctions motion asserts that "[t]his case is about Plaintiff Yintao Yu's fundamental right to a jury trial"; that "[b]ecause it [sic] cannot meet its burden to prove the existence of an agreement to arbitrate, defendants seek terminating sanctions on the basis of side shows"; and that "[n]either the Bao declaration nor the disavowal of the bankruptcy interfere with the substantive case or impact Defendants' ability to go to trial." Opp'n at 1 (Dkt. No. 214).[3]

Far from engaging in "side shows," defendants' sanctions motion and the evidentiary hearing have revealed that Yu has engaged in serious, bad faith conduct that has abused the judicial process.  With regard to the "anonymous" declarant and declaration, the Court finds Bao's testimony credible, and based upon that testimony and Yu's invocation of the Fifth Amendment at the evidentiary hearing, the Court draws the adverse inference that Yu fabricated the anonymous declaration.   Yu's litigation behavior further supports the conclusion that he fabricated that declaration.  Yu resisted BDI's efforts to learn the identity of the anonymous declarant, including by refusing to comply with this Court's May 3, 2024 discovery order and seeking reconsideration

---

[3] Yu filed his opposition to the sanctions motion on November 7, prior to his multiple filings seeking a continuance of the evidentiary hearing and to otherwise dismiss this case.

of that order based on purported fears of retaliation against the anonymous declarant. In support of the motion for reconsideration, Yu filed a declaration signed under penalty of perjury attesting to his concerns about the safety of the anonymous declarant if his/her identity was revealed to BDI. The Court finds that Yu submitted a perjurious declaration to this Court, and that he did so in an apparent attempt to prevent defendants from discovering that he had fabricated the anonymous declaration. The Court also finds that Yu committed perjury at his deposition when he denied signing the February 15, 2023 declaration opposing a motion for relief from stay in the bankruptcy case. The Court has reviewed all of the documents from the bankruptcy proceedings and concludes based on those documents as well as Yu's invocation of his Fifth Amendment rights that Yu did in fact file the bankruptcy petition and that he signed the February 15, 2023 declaration.

In light of the gravity of Yu's misconduct, the Court concludes that terminating sanctions are warranted.[4] Lesser sanctions would not be useful because Yu's misconduct in this case has "made it impossible for [the] court to be confident that the parties will ever have access to the true facts." *Connecticut Gen. Life Ins. Co.*, 482 F.3d at 1097 (affirming terminating sanctions where party repeatedly lied to the district court and obstructed discovery). This is particularly true because Yu's credibility is central to his theory in this declaratory relief action that he did not sign any of the arbitration agreements and that BDI had forged his signatures on those documents. In addition, Yu's obstructive and mendacious conduct has caused delay, required additional motion practice, and vexatiously multiplied these proceedings.

Yu's opposition to the sanctions motion argues that the fabricated evidence and Yu's perjury are "collateral" matters, and thus that any misconduct did not prejudice defendants. Opp'n at 1. The Court disagrees. Yu relied on the anonymous declarant in pre-litigation mediation with BDI, and it was reasonable for BDI to believe that the agreement referenced in the anonymous declaration was the Undertaking Agreement. Whether Yu signed the Undertaking Agreement, one of the four arbitration agreements at issue in this case, is a central, and not collateral, issue in this case. In

---

[4] Yu asserts that the Court must find bad faith by clear and convincing evidence in order to grant terminating sanctions, citing several district court cases. Assuming *arguendo* that such a standard applies, the Court finds that defendants have met this standard.

addition, "[f]alsified evidence substantially prejudices an opposing party by casting doubt on the veracity of all of the culpable party's submissions throughout litigation." *Martin v. Domino's Pizza*., Case No. 2:22-cv-00784-GMN-DJA, 2023 WL 7461882, at *5 (D. Nev. Nov. 9, 2023) (dismissing plaintiff's complaint with prejudice as sanction for submitting falsified evidence to the court). Similarly, Yu's perjurious denial that he signed the bankruptcy declaration frustrated defendants' ability to conduct discovery on valid exemplars of Yu's signature. Throughout this litigation Yu has claimed that ByteDance forged his signatures on various documents, and thus discovery on Yu's signature is directly relevant to the claims in this case.

## II.    Other Pending Motions

The Court DENIES all other pending motions as moot. To the extent Yu argues that various actions taken by Yu either moot the motion for terminating sanctions (e.g., the filing of Yu's motion to dismiss or Yu's motion to enforce settlement) or divest this Court of jurisdiction,[5] the Court disagrees. As a procedural matter, defendants filed the motion for terminating sanctions before Yu filed the motions to dismiss or to enforce settlement, and the sanctions motion was fully briefed and argued, and the evidentiary hearing was held, before either the motion to dismiss or motion to enforce was fully briefed or argued. Thus, the Court finds it appropriate to resolve the motion for terminating sanctions prior to considering Yu's motions.

More importantly, this Court has the inherent power to investigate whether a party has abused the judicial process or otherwise committed a fraud upon the court. *See Chambers*, 501 U.S. at 44. It would be a further abuse of the judicial process to allow a party who has committed egregious litigation misconduct to avoid sanctions by voluntarily dismissing his case or similar gamesmanship. Finally, because defendants have requested that the Court compel arbitration and that the Court stay this matter pending arbitration, the Court cannot dismiss this case. *See Smith v. Spizzirri*, 601 U.S. 472, 478 (2024) ("When a district court finds that a lawsuit involves an arbitrable

---

[5] On December 6, 2024, Yu filed his reply brief in support of his motion to dismiss. Yu states that he has initiated arbitration and thus that this Court lacks jurisdiction over this case. Yu did not submit a declaration in support of the factual assertion that he initiated arbitration, and thus the Court disregards that unsupported factual assertion. *See* Civil Local Rule 7-5(a).

United States District Court
Northern District of California

dispute, and a party requests a stay pending arbitration, § 3 of the FAA compels the court to stay the proceeding.").

**CONCLUSION**

For the foregoing reasons, the Court DISMISSES Yu's complaint for declaratory relief and enters default judgment in favor of defendants as to the countercomplaint. The Court declares that Yu executed the four disputed agreements at issue, including the Employee Confidentiality and Inventions Assignment Agreement, the Undertaking Agreement, the Notice of Stock Option Award and Stock Option Award Agreement, and the Side Letter to the Patent Assignment Agreement. The Court COMPELS Yu to arbitration pursuant to the terms of the Employee Confidentiality and Inventions Assignment Agreement on all claims currently alleged or that could be alleged in his concurrent state court proceeding pending in California Superior Court, County of San Francisco, and STAYS this case pending arbitration.

**IT IS SO ORDERED**.

Dated: December 12, 2024

SUSAN ILLSTON
United States District Judge