CHARLES H. JUNG (217909)
(charles@njfirm.com)
JAIME DORENBAUM (289555)
(jaime@njfirm.com)
RUSSELL TAYLOR (320375)
(russ@njfirm.com)
NASSIRI & JUNG LLP
1700 Montgomery Street, Suite 207
San Francisco, California 94111
Telephone:  (415) 762-3100
Facsimile:   (415) 534-3200

Attorneys for Plaintiff
YINTAO YU

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YINTAO YU, an individual,<br><br>                    Plaintiff,<br><br>          v.<br><br>BYTEDANCE, INC., a Delaware Corporation; SHUYI (SELENE) GAO, an individual,<br><br>                    Defendants. | Case No. 3:23-cv-04910-SI<br><br>**PLAINTIFF/COUNTER-DEFENDANT YINTAO YU'S OBJECTIONS TO DEFENDANT SHUYI (SELENE) GAO'S AMENDED BILL OF COSTS** |
| BYTEDANCE, INC., a Delaware Corporation,<br><br>                    Counterclaimant,<br><br>          v.<br><br>YINTAO YU, an individual,<br><br>                    Counter-Defendant. | |

1

## I.     COSTS SHOULD NOT BE AWARDED BECAUSE THIS CASE IS STAYED.

On December 12, 2024, the Court stayed this case pending arbitration. (ECF No. 246 ("Stay Order") at 1, 12.)  Arbitration remains pending (Dorenbaum Decl., ECF 255-1 at Ex. A), and the Court has not lifted the stay. Thus, this judicial proceeding is currently halted or suspended. *See* Stay, *Black's Law Dictionary* (11th ed. 2019) (defining "stay" as "[t]he postponement or halting of a proceeding. . ." and an "order to suspend all or part of a judicial proceeding . . . ").

Yet, each Defendant filed a bill of costs and related documents. (ECF Nos. 250, 251, 253, 254, 268.) Despite the stay, Plaintiff nevertheless met and conferred with the Defendants regarding the bills of costs. (Dorenbaum Decl., ECF 255-1 at 2.) The bills of costs are in direct violation of this Court's Stay Order. Thus, Defendants' requests should be denied.

## II.     COSTS SHOULD NOT BE TAXED AGAINST PLAINTIFF BECAUSE THE COURT DENIED PLAINTIFF'S MOTION TO ENFORCE THE PARTIES' SETTLEMENT AS MOOT.

In granting Defendants' motion for terminating sanctions, the Court denied as moot Plaintiff's motion to enforce the settlement. "A motion is moot when a court is unable to fashion any form of meaningful relief." O*paraji v. N.E. Auto–Marine Terminal*, 437 Fed. App'x 190, 193 n. 1 (3d Cir. 2001); *U.S. v. Streich*, 617 F. App'x 749, 750 (9th Cir. 2015) (holding that a motion is moot when "the district court could not provide [movant] any meaningful relief"). In their settlement, all Parties agreed to a "[w]aiver of all fees and costs." (*See* ECF No. 231 at 4:25.)

Now, however, Defendants seek costs.  In so doing, they would appear, at a minimum, to also contest the Court's conclusion that the dispute concerning enforcement of the settlement agreement is moot. This is due to the fact that Plaintiff sought to enforce the settlement agreement in which the parties agreed to cover their own costs and fees. (*See* ECF No. 231 at 4:25.)  If Defendants are permitted to seek costs, then it would be an acknowledgment by Defendants and the Court that Plaintiff's Motion to Enforce Settlement Agreement (ECF No. 231) is *not* moot because the award of costs has–in Defendants' view–not been settled while Plaintiff's position is that this issue was settled. Thus, costs should not be awarded.

## III.    SPECIFIC OBJECTIONS TO COSTS

Taxable costs are set forth in 28 U.S.C. § 1920. Section 1920 is construed "narrowly." *Kalitta Air L.L.C. v. Cent. Tex. Airborne Sys. Inc.*, 741 F.3d 955, 958 (9th Cir. 2013). Indeed, "taxable costs are limited by statute and are modest in scope." *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 573 (2012). "Taxable costs are limited to relatively minor, incidental expenses," and "almost always amount to less than the successful litigant's total expenses in connection with a lawsuit." *Id.*

### A.    Gao's Costs Should Be Denied Because They Were Not "Necessarily Incurred."

Plaintiff objects to all costs on the basis that Defendant fails to sufficiently demonstrate the costs, particularly costs related to draft, rush or expedited acts, were "necessarily incurred." Civil L.R. 54-1(a). Gao's claimed costs included five major categories of unnecessary fees:

1.    Rush fees for courtesy copy delivery and legal research (ECF 268-6 at 2-8, 10-14) and special on demand fees service by U.S. Mail (ECF 268-4 at 2-4),

2.    Additional deposition fees for premium litigation and technology packages, smart summaries, and rough draft receipt (ECF 268-5),

3.    Fees to obtain publicly available and accessible documents (ECF 268-6 at 4-9),

4.    Disproportionate fees for emailing or mailing documents (ECF 268-4 at 15-17),

5.    Travel fees unrelated to depositions or hearings, including witness interviews and deposition prep time (ECF No. 268-7 at 23-26, 28, 32)

### B.    Gao's Costs Should Be Denied Because They Are Not Reliably Supported.

The Local Rules state, "Appropriate documentation to support each item claimed must be attached to the bill of costs." Civil L.R. 54-1(a). Gao, however, fails to attach invoices for a number of her expenses. Gao includes expenses in her summary and totals for which no invoice is provided. (*E.g.,* Ex. A Summary at Ex. B, 10/07/2024 expense, at Ex. E, 6/5/2023 expense, at Ex. F, 6/5/2024 expense, 10/1/2024 expense, and 12/19/2024 expenses (three of four expenses provide no invoice).) Moreover, Gao's costs totals appear to differ from the actual totals of the invoices provided. (Ex. C, F.) Thus, Gao's claimed costs are not reliably supported.

**C.      Objections to Costs Reflected in Exhibit B – Filing and Docket Fees**

Gao seeks $1,541.60 in costs related to filing and docket fees, but not a single expense listed appears to pertain to this case, and half of them were incurred before this case was even filed. The expenses dated 2/16/23, 3/23/23, and 3/29/23 pertain to Plaintiff's pro per action, San Francisco Superior Court case no. CGC-22-603019, which was removed to Northern District of California case no. 23-cv-00707-KAW (the "Pro Per Action"). The Pro Per Action was dismissed without prejudice on April 20, 2023, and the fees for that case are not recoverable. (ECF No. 19, N,D, Cal. case no. 23-cv-00707-SI.) Importantly, Ms. Gao was not a party to the Pro Per Action, and Littler Mendelson, P.C. represented ByteDance, Inc. Littler nevertheless has submitted expenses on behalf of Ms. Gao that it incurred on ByteDance's behalf in a separate case.

The remaining invoices claimed in Exhibit B (expenses dated 10/30/2023 and 11/08/2023) were incurred as part of Plaintiff's underlying action, San Francisco Superior Court case no. CGC-23-606246, which was removed to Northern District of California case no. 23-cv-03503-SI, and subsequently remanded (the "Underlying Action"). The Underlying Action is currently stayed, and costs are not recoverable here.

Finally, Gao listed an expense for Exhibit B dated 10/07/2024, but does not provide an invoice stating which case it was incurred under, making the documentation improper. Civil L.R. 54-1(a). The description states it was for a filing made by ByteDance, Inc., which should not be recoverable by Gao.

**D.      Objections to Costs Reflected in Exhibit C – Service of Process**

Similarly, a majority of the $1,266.70 in costs Gao seeks for service of process fees under Civil LR 54-3(a)(2) are actually ByteDance, Inc.'s costs for the Pro Per Action or Gao's costs in the Underlying Action. The few remaining costs were not necessarily incurred or appropriately documented, in whole or in part.

Gao's Exhibit C fees dated 2/16/2023 (2), 2/17/2023, and 2/23/2023 were incurred months before the instant case was filed, as part of the Pro Per Action. As stated above, Gao is not entitled to recover Littler's costs in representing ByteDance, Inc. The fee dated 10/11/2023 belongs to the

1    Underlying Action, and is not recoverable.

2          Gao lists service fees for apparent service by U.S. mail. (ECF 268-4 at 2-8.) The claimed

3    fees far exceed the cost of printing and mailing documents, and contain unnecessary rush and special

4    fees, which are not taxable.

5          While the expenses dated 5/23/2024 are for the instant action, Defendant falls short of

6    sufficiently documenting the expenses or proving they were necessarily incurred. Gao claims $45.00

7    for e-service of a notice of subpoena to the parties. (ECF 268-4 at 15.) This is an exorbitant fee for

8    sending a single email. Gao also requests $294.00 for the service of said subpoena to the company's

9    agent, but the invoices provided (ECF 268-4 at 16-17) do not specify the method for service. The

10   invoices contain the same language ("OUTS - Out of County Special") as the U.S. Mail service

11   invoices, which, as discussed above, are unnecessarily large fees for printing a few documents and

12   placing them in the mail. Without more detail on the invoice, it is impossible to determine if this

13   seemingly exorbitant fee was necessary.

14          **E.    Objections to Costs Reflected in Exhibit D – Deposition Transcripts/Video**

15          Gao seeks $5,545.42 in costs relating to deposition transcripts and video recordings.

16   However, Gao's request exceeds what should be taxed. *See Affymetrix, Inc. v. Multilyte Ltd.*, No. C

17   03–03779 WHA, 2005 WL 2072113, at *2 (N.D. Cal. Aug. 26, 2005) ("With respect to deposition

18   transcripts, Civil Local Rule 54-3(c)(1) allows only '[t]he cost of an original and one copy of any

19   deposition (including video taped depositions) taken for any purpose in connection with the case.'")

20   (citation omitted). Gao submits costs relating to a number of items and services that should not be

21   taxed including but not limited logistics & processing, hosting & delivery of encrypted files, rough

22   draft and smart summary receipt, premium litigation and media packages, etc. *See Affymetrix, Inc.*,

23   2005 WL 2072113, at *2. ("Here, the Clerk properly disallowed the additional costs incurred in

24   videotaping depositions for which stenographic written transcripts were also obtained.") (citation

25   omitted). Thus, Gao's requests for costs beyond the costs of obtaining an original and one copy of

26   deposition transcripts should be denied.

27

28

1

**F.      Objections to Costs Reflected in Exhibit E – Government Records**

2          Gao seeks $1,304.50 in fees for "retrieval of Government records" under Civil LR 54-

3   3(d)(1), and attaches invoices for rush and standard courtesy copy delivery (ECF 268-6 at 2-3, 10-

4   14), urgent research and retrieval (or attempted retrieval) of court documents (ECF 268-6 at 4-7),

5   and, confusingly, e-filing fees (ECF 268-6 at 15), all of which are associated with the Underlying

6   Action, rather than the instant action.

7          First, Civil Local Rule 54-3(d)(1) does not provide for "retrieval of Government records,"

8   nor for the courtesy copy delivery and filing service fees Gao inexplicably includes. The rule plainly

9   states "[t]he cost of reproducing and certifying or exemplifying government records used for any

10  purpose in the case is allowable." Civil LR 54-3(d)(1). The claimed expenses were not for the costs

11  of reproduction or certification/exemplification of government records.

12         Second, all of the invoices submitted as part of Exhibit E relate to either the Pro Per Action

13  (ECF 268-6 at 2-3) or the Underlying Action (ECF 268-6 at 5-7, 10-15), not the instant case. The

14  invoice at page four does not specify a case number, but given that the expense was incurred more

15  than three months prior to the filing of this case, it is safe to say it, too, is not taxable.

16         Third, even if records retrieval costs were taxable (which they are not), the retrieval fees

17  were not necessarily incurred. Almost all of the fees claimed were not for the retrieval of the

18  documents, but for *attempted* retrieval. (ECF 268-6 at 4-7.) The invoices also include special and

19  priority rush fees, which were not necessary. (*Id.*)

20         Moreover, all of the record retrieval invoices were incurred in San Francisco Superior Court,

21  where civil case documents are available to download for free online. (*See Online Services*, Superior

22  Court of California, County of San Francisco, https://sf.courts.ca.gov/online-services (last accessed

23  Feb. 14, 2025).) So even if the research had been taxable under Civil LR 54-3(d)(1) (it was not), and

24  even if the research were for this case (it was not), and even if Gao had actually obtained documents

25  from the searches (she did not), the fees were not necessarily incurred because the documents could

26  have been obtained for free.

27

28

1

**G.      Objections to Costs Reflected in Exhibit F – Miscellaneous Travel/Mileage**

2       Gao seeks $2,948.46 for "travel and mileage. . . under Civil Local Rule 54-1." (Ryan Decl.,

3    at 9, ECF No. 268-1.) Travel costs are not taxable under 28 U.S.C. § 1920. *See Grove v. Wells*

4    *Fargo Financial California, Inc.*, 606 F.3d 577, 580-581 (9th Cir. 2010) (describing travel expenses

5    as not non-taxable under section 1920).

6       Also, Civil Local Rule 54-3(c)(2) plainly states, "[t]he expenses of counsel for attending

7    depositions are not allowable." Here, Gao goes beyond claiming disallowed travel expenses for

8    depositions, and claims costs for travel to hearings (ECF No. 268-7 at 2, 9-17, 19-22, 30-31),

9    deposition prep sessions (ECF No. 268-7 at 23-25, 28, 32) and interviews with witnesses who were

10   never deposed, or even disclosed in initial or pretrial disclosures. (ECF no. 268-7 at 26.)

11      Gao's untaxable travel expenses also include unnecessarily incurred additional fees, for

12   instance, Premium EV Parking at the airport (ECF 268-7 at 9-13), and a no-show fee for a hotel (*id.*

13   at 22), which are not taxable.

14

15    DATED: February 14, 2025

16                                                      Respectfully submitted,
                                                        NASSIRI & JUNG LLP

17

18                                              By:___*/s/ Jaime Dorenbaum*_____

19

20                                                      Jaime Dorenbaum
                                                        Attorneys for Plaintiff
21                                                      YINTAO YU

22

23

24

25

26

27

28