**ILG Legal Office, P.C.**
Stephen Noel Ilg (SBN 275599)
Nicolas Jupillat (SBN 335559)
156 South Spruce Avenue, Ste 206A
South San Francisco, CA 94080
Tel:  (415) 580-2574
Fax:  (415) 735-3454
Email: silg@ilglegal.com
Email: njupillat@ilglegal.com

Attorneys for Plaintiff
YINTAO YU

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YINTAO YU, an individual,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>BYTEDANCE, INC., a Delaware Corporation; SHUYI (SELENE) GAO, an individual,<br><br>　　　　　　Defendants.<br><br>BYTEDANCE, INC., a Delaware Corporation,<br><br>　　　　　　Counterclaimant,<br><br>　　v.<br><br>YINTAO YU, an individual,<br><br>　　　　　　Counter-Defendant. | Case No. 3:23-cv-04910-SI<br><br>**PLAINTIFF/COUNTER-DEFENDANT YINTAO YU'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE OR, IN THE ALTERNATIVE, TO JUDICIALLY SEAL**<br><br>*State Court Action Filed: September 5, 2023*<br>*Removed: September 25, 2023* |

I.

Y<small>INTAO</small> Y<small>U</small> v. B<small>YTEDANCE</small>,I<small>NC</small>., <small>ET AL</small>.
P<small>LAINTIFF</small>/C<small>OUNTER</small>-D<small>EFENDANT</small>'<small>S</small> O<small>PPOSITION TO</small> D<small>EFENDANTS</small>' M<small>OTION TO</small> S<small>TRIKE</small>

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................................1

II. ARGUMENT ..............................................................................................................................1

    A. Defendants Fail to Meet the Stringent Standards for Striking or Sealing Judicial Records. ...........................................................................................2

        *1. The "Compelling Reasons" Standard Governs and Presumes Public Access.* ..................................................................................................2

        *2. Defendants' Unsubstantiated "Fraud" Allegation is Not a Compelling Reason to Seal or Strike* .............................................................3

            a. Defendants Fail to Specify Which Portions Are Allegedly Fraudulent ..................................................................3

            b. Defendants' "Fraud" Allegation Is Unsupported by Competent Evidence ....................................................................3

            c. Defendants' Misplaced Reliance On The December 12 Order Does Not Establish Falsity Or Justify Sealing Of The Disputed Filings .........................................................5

            d. Sealing Based on Unproven "Fraud" Chills Whistleblowing ...........................................................................7

        *3. Less Restrictive Alternatives Are Available and Appropriate* ....................8

        *4. The Disputed FIlings Are Subject to Protective Order* .............................8

        *5. The Court Already Rejected Defendants' Arguments Regarding the Local Rules* ........................................................................8

III. CONCLUSION ..........................................................................................................................8

II.

# TABLE OF AUTHORITIES

**Cases**

*Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1098–99 (9th Cir. 2016)..............2

*Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003).................................2

*In re Gitto Glob. Corp.*, 422 F.3d 1, 12 (1st Cir. 2005) ...................................................................3

*In re Midland Nat. Life Ins. Co. Annuity Sales Pracs. Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012)2, 3, 4

*Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) ..........................2, 3, 7

*Kohler v. Big 5 Corp.*, No. 2:12-cv-00500, 2012 WL 1511748, at *1 (C.D. Cal. Apr. 30, 2012)....3

*Mag Instrument, Inc. v. JS Prods., Inc.*, 595 F.Supp.2d 1102, 1106 (C.D. Cal. 2008).....................1

*N.Y.C. Emps.' Ret. Sys. v. Berry*, 667 F.Supp.2d 1121, 1128 (N.D. Cal. 2009) ...............................1

*Neilson v. Union Bank of Cal., N.A.*, 290 F.Supp.2d 1101, 1152 (C.D. Cal. 2003)..........................1

*Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983) ...........................................2

**Rules**

Civil L.R. 7-5...................................................................................................................................4

Civil L.R. 79-5........................................................................................................................3, 4, 5, 8

Federal Rules of Evidence 602........................................................................................................5

## I. INTRODUCTION

Plaintiff Yintao Yu respectfully opposes Defendants' Motion to Strike or, in the Alternative, to Judicially Seal (the "Motion") Plaintiff's filings related to ECF Nos. 84 and 85 (the "Disputed Filings"). Plaintiff does not object to narrowly tailored redactions of the declarant's name in ECF Nos. 85 and 85-4 from publicly accessible documents, in order to protect personal privacy. However, Plaintiff opposes Defendants' attempt to suppress the substance of the declarant's testimony, premised on a baseless and unsupported allegation of "fraud." Plaintiff further opposes Defendants' attempt to suppress the Declaration of Mr. Xia, which Defendants likewise seek to seal without providing the necessary specific showing.[1]

Defendants' Motion is meritless. They have failed to demonstrate any legitimate grounds for striking the Disputed Filings, nor have they provided the requisite "compelling reasons" to justify sealing them wholesale. Their arguments conflict with the fundamental principle of open judicial proceedings and the strong presumption in favor of public access to court records. Accordingly, the Court should deny Defendants' Motion.

## II. ARGUMENT

"Motions to strike are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." *Neilson v. Union Bank of Cal., N.A.*, 290 F.Supp.2d 1101, 1152 (C.D. Cal. 2003). "Such motions should only be granted if the matter has no logical connection to the controversy at issue and may prejudice one or more of the parties to the suit." *N.Y.C. Emps.' Ret. Sys. v. Berry*, 667 F.Supp.2d 1121, 1128 (N.D. Cal. 2009) (citation and internal quotation marks omitted). "In determining whether to grant a motion to strike, a district court views the pleadings in a light most favorable to the non-moving party[.]" *Mag Instrument, Inc. v. JS Prods., Inc.*, 595 F.Supp.2d 1102, 1106 (C.D. Cal. 2008) (citation and internal quotation marks omitted).

The primary function of a motion to strike is "to avoid the expenditure of time and money

---

[1] To the extent Defendants' Motion seeks to strike declarations pursuant to Rule 12(f) and not the Court's inherent powers, it is procedurally improper and should be denied. See Fed. R. Civ. P. 12(f).

1

YINTAO YU V. BYTEDANCE, INC., ET AL.
PLAINTIFF/COUNTER-DEFENDANT'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE

that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Here, Defendants fail to demonstrate that the Disputed Filings are "spurious." The declarations at issue are factually relevant to Plaintiff's claims and defenses, and they contain information directly bearing on Plaintiff's allegations of wrongful conduct. They thus have a "logical connection" to the controversy, and striking them would be improper.

### A. Defendants Fail to Meet the Stringent Standards for Striking or Sealing Judicial Records.

When a party seeks to seal court records, the court must balance the competing interests of the public and the party who seeks to keep records secret. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). "[A] strong presumption in favor of access is the starting point." *Id.* at 1178. To justify sealing, the district court "must articulate a factual basis" for each compelling reason. *Id.* at 1179. Moreover, "compelling reasons must continue to exist to keep judicial records sealed." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003); *In re Midland Nat. Life Ins. Co. Annuity Sales Pracs. Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012).

#### 1. The "Compelling Reasons" Standard Governs and Presumes Public Access.

Although the Disputed Filings relate to a motion Defendants claim is not dispositive, the Ninth Circuit has recognized that courts should not apply a lower standard where the underlying materials touch upon significant factual or legal questions that bear upon the public's understanding of judicial proceedings. *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1098–99 (9th Cir. 2016). "To only apply the compelling reasons test to the narrow category of 'dispositive motions' goes against the long held interest 'in ensuring the public's understanding of the judicial process and of significant public events.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1179). Given the serious allegations raised in these documents—and Defendants' repeated references to them as effectively dispositive on certain issues—the "compelling reasons" standard applies here. Under that standard, there is a strong presumption of public access, and Defendants must make a specific and compelling factual showing to rebut it. *Kamakana*, 447 F.3d at 1178.

They have not.

### 2. Defendants' Unsubstantiated "Fraud" Allegation is Not a Compelling Reason to Seal or Strike

Defendants argue that the Disputed Filings are "scandalous" or "false" and thus deserve to be hidden from public view. However, material is typically "scandalous" only if it is "defamatory" or otherwise "unnecessarily reflects on the moral character of an individual" in a way that "detracts from the dignity of the court." *Kohler v. Big 5 Corp.*, No. 2:12-cv-00500, 2012 WL 1511748, at *1 (C.D. Cal. Apr. 30, 2012) (citing *In re Gitto Glob. Corp.*, 422 F.3d 1, 12 (1st Cir. 2005)). Defendants do not identify any specific, verifiably false statements or "repulsive" language that might meet that threshold.

Moreover, "the mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation" does not, "without more," compel sealing. *Kamakana*, 447 F.3d at 1179. Thus, even if Defendants find the allegations "embarrassing," they must provide more than a conclusory assertion of falsity to meet their burden.

#### a. Defendants Fail to Specify Which Portions Are Allegedly Fraudulent

Defendants have not pointed to any particular sentences, paragraphs, or exhibits within ECF Nos. 84, 85, 85-1, 85-3, or 85-4 that they contend are untrue. Instead, they broadly seek to strike or seal the entire set of Disputed Filings. Such a scattershot request is disfavored and violates the requirements of Civil L.R. 79-5, which mandate that a party seeking sealing must "narrowly tailor" its request to the specific sealable material. *See In re Midland Nat. Life Ins. Co.*, 686 F.3d at 1119 ("To seal the records, the district court must articulate a factual basis for each compelling reason to seal."). Defendants cannot credibly claim a compelling reason to seal everything without itemizing what they believe to be fraudulent or scandalous.

#### b. Defendants' "Fraud" Allegation Is Unsupported by Competent Evidence

Even if the Motion had identified portions of the Disputed Filings that were supposedly false, which it does not, Defendants' claim of fraud is entirely unsupported. Because sealing requires a showing of a "specific factual basis," any motion seeking to seal or strike materials

must be supported by a declaration or affidavit. Civil L.R. 7-5. This declaration must explain the reasons for sealing; that is, why the document or a portion thereof, meets the applicable standard. *See In re Midland Nat. Life Ins. Co. Annuity Sales Pracs. Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012). Motions to seal must also explain the reasons why a less restrictive alternative to sealing is not sufficient, and make a good faith effort to limit the documents to those that may permissibly be sealed. The declaration must address each document or portion thereof individually. *See* L.R. 79-5(c)(1). Defendants' Motion fails on both accounts.

Defendants present no affidavits, declarations, documents, or any other form of evidence to contradict ECF Nos. 85-1, 85-3, and 85-4. Their argument rests solely on their disagreement with the content of those filings and their conclusory assertion that the content is false. This is wholly insufficient to justify sealing. A party's mere disbelief or disagreement with evidence is not a "compelling reason" to suppress it.

To be sure, Defendants submit the declaration of BDI's counsel, which says the following:

● "Docket entries filed by or on behalf of Yu, namely, ECF Nos. 84, 85 (and all attendant filings) (the 'Motion for Reconsideration Filings') were based on Yu's pervasive lies." (Thompson Dec. at 2)

● "Yu's Motion for Reconsideration Filings were used to promote a (false) public scandal." (*Id*. at 4.)

But this conclusory testimony fails to make a "specific showing" that the entirety of the filings were, in fact, based on lies or that a "false" public scandal ensued. They also fail to establish, even in conclusive fashion, that compelling reasons continue to justify sealing the Disputed Filings, even though they have been public for over eight months. *In re Midland Nat. Life Ins. Co. Annuity Sales Pracs. Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012) ("Compelling reasons must continue to exist to keep judicial records sealed.").

Furthermore, the testimony is not admissible – and neither are the Motion's citations to the declaration or similar factual allegations in the Motion. First, the declaration's factual assertions are impermissibly vague and broad. The declaration fails to identify any specific portions of the

filings that are purportedly false. This is problematic because Defendants must narrowly tailor their request to seal information. *See* Civil L.R. 79-5(d). In this case, Defendants must identify the information they allege is false. Without such identification, the Court cannot meaningfully weigh the competing interests, including the First Amendment interests, implicated by sealing the entirety of the disputed filings.

Second, and relatedly, the declaration fails to establish any personal knowledge for its blanket assertion that the disputed filings contain "lies" and are "false." The declaration further does not identify the so-called "public scandal" it references, nor establish personal knowledge that the purported scandal was, in fact, false. *See* FRE 602. Indeed, the Motion's lack of factual support is evident from ByteDance's reliance on an unfounded declaration from its litigation counsel. ByteDance does not offer, for example, the testimony of any corporate insiders to establish the purported falsity of ECF Nos. 85-1, 85-3, or 85-4. This is particularly revealing since the Disputed Filings were submitted in May 2024, providing ByteDance plenty of time to conjure some admissible evidence demonstrating what about the disputed filings was false.

Third, because Mr. Thompson lacks personal knowledge to refute the veracity of the Disputed Filings, his testimony, to the extent it is based on undisclosed facts rather than conclusory opinions, necessarily relies on statements Mr. Thompson learned from his client or other third parties. Thus, the declaration would be inadmissible hearsay. Fed. R. Evid. 801-803. Because the factual assertions about falsity in the declaration of ByteDance's counsel are inadmissible, Defendants' fail to offer any factual support for their Motion. The Motion, therefore, should be denied.

     c. <u>Defendants' Misplaced Reliance On The December 12 Order Does Not Establish Falsity Or Justify Sealing Of The Disputed Filings</u>

Having established that the Motion fails to articulate the requisite facts compelling sealing, Defendants instead seek to rely on this Court's December 12 order, which made certain specific factual findings. This explains why Defendants did not previously seek to seal the record. But that order made factual findings regarding the veracity of the Bao declaration, and Plaintiff's

5

YINTAO YU V. BYTEDANCE,INC., ET AL.
PLAINTIFF/COUNTER-DEFENDANT'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE

statements about the Bao declaration.[2] It did not go so far as to determine the entire disputed filings as false. (*See* Transcript of Nov. 20, 2024 Proceedings, ECF No. 237 at 93:15-25 ("Mr. Thompson: I'm a little concerned with some of the statements that Mr. Jung made on the record. THE COURT: Well, it goes to your motion to seal doesn't it? MR. THOMPSON: Exactly. That's – THE COURT: It's an open courtroom and we are what we are, and what he said was he was very suspicious. He didn't say anything about the matter having been established. I think we are all suspicious these days. So if I were you, I wouldn't worry about it; but I'm not you, so you can do what you need to do.")

There has been no finding that the facts asserted in the disputed filings are false, and therefore defamatory or libelous, as Defendants claim. Thus, Defendants may not rely on Plaintiff's Fifth Amendment assertions to prove that, as a matter of fact, the entirety of the assertions presented in the disputed filings were false. The fact remains that some of the assertions in the filings are indisputably true. For example, ByteDance's counsel admitted to hiring Holmes Risk Management, a private investigator service, to investigate Plaintiff. (See ECF 88-2 at 4.)

Moreover, the disputed filings are supported by independent indicia of credibility. Indeed, the disputed filings have been on the public docket since May 2024. Since then, ByteDance has never, under oath, denied the veracity of the main (and most embarrassing) facts asserted in the disputed filings. ByteDance never denied under oath that it hired a private investigator who visited an acquaintance of Plaintiff and requested to talk to Plaintiff. (*See* Xia Declaration.) ByteDance never disclaimed under oath the allegations that the Chinese national police harassed the family of a former employee of ByteDance in China in connection with that former employee's statements to the press about misconduct at ByteDance. (*See* Redacted Declaration.) ByteDance also artfully avoided responding to Mr. Jung's observations of an apparent breach of his devices. Mr. Thompson submitted a declaration denying that BDI has the capabilities to hack devices, and was not on behalf of the ByteDance's foreign entities. But that testimony was limited to BDI, and was not on behalf of the ByteDance's foreign entities. (*See* Thompson Dec. ECF 108). Even now, with the benefit of months to investigate the assertions – and in the case of the

---

[2] For this reason, Plaintiff does not oppose sealing the Bao Declaration if the Court deems it proper.

incursion allegations, required to investigate – ByteDance does not present factual support contradicting the assertions in the disputed filings.³

                d.      <u>Sealing Based on Unproven "Fraud" Chills Whistleblowing</u>

Granting Defendants' motion could chill the willingness of whistleblowers to come forward with information about alleged wrongdoing. If individuals with potentially significant evidence can have their statements suppressed simply because the accused party cries "fraud" – without any supporting evidence – it will deter others from reporting misconduct, undermining the public interest in transparency and accountability. This risk alone outweighs ByteDance's presumed concern about embarrassment. Indeed, to the extent Defendants argue that the Disputed Filings, even if not fraudulent, harm ByteDance's reputation, this argument is legally insufficient. The Ninth Circuit has explicitly held that "simply showing that the information would harm the company's reputation" is not a compelling reason to justify sealing. *Kamakana*, 447 F.3d at 1179. The potential for reputational harm is inherent in litigation, and it does not outweigh the public's right of access. Given Defendants' inability to specifically rebut the content of these declarations or show actual falsity, the public's interest in open proceedings far outweighs any abstract reputational concerns. This is particularly true when allegations concern misconduct.

---

³ BDI has never denied that they could not have proven the authenticity of the ECIAA at trial. During discovery, Plaintiff uncovered—and ByteDance was forced to admit—that the purported ECIAA did not even exist as of August 30, 2017, the date ByteDance claims Plaintiff signed it, let alone being ready for execution. In its final deposition, ByteDance suddenly introduced a new claim that the ECIAA was "backdated"—a theory they had never mentioned in any prior depositions, or years of mediation sessions and litigation.

Moreover, in an earlier case before this court (4:23-cv-00707-SI), when Plaintiff was proceeding pro se, ByteDance submitted an ECIAA containing two distinct layers, with the purported signature appearing separately from the rest of the document. Such layering would be impossible for a scanned document with a handwritten signature—unless it were an e-signature added later. Notably, ByteDance appeared to recognize this issue in subsequent filings. ByteDance has also made demonstrably false statements in court filings and produced documents with inconsistent metadata. Finally, in a call between Plaintiff and Defendants' counsel close to settlement, ByteDance's attorney seemingly acknowledged knowing the ECIAA was fake but dismissed its significance, asserting that they had already won anyway.

Plaintiff has been deeply wronged by Defendants' reliance on a fabricated document and respectfully seeks permission to submit a brief demonstrating why the ECIAA is fraudulent. Plaintiff also invites the Court to review a recording that may contain critical evidence related to the underlying wrongful termination claim. Defendants have seemingly conceded the recording's authenticity while attempting to shield it under privilege—an assertion Plaintiff intends to challenge.

### 3. *Less Restrictive Alternatives Are Available and Appropriate*

Where a party legitimately seeks to protect private or sensitive information, courts regularly consider less drastic alternatives, such as redaction of narrowly defined personal data or trade secrets, rather than sealing entire filings. Civ. L.R. 79-5(d). Plaintiff has already consented to such redactions of the declarant's personal identifying information. (ECF No. 84.) If, and only if, Defendants can identify specific portions of the Disputed Filings that contain genuinely confidential business information (and can demonstrate that this information meets the "compelling reasons" standard), the Court could consider narrowly tailored redactions of those specific portions. However, the vast majority of the Disputed Filings, which contain the declarants' factual observations and statements relevant to Plaintiff's claims, should remain unsealed. Blanket sealing or striking is unwarranted.

### 4. *The Disputed FIlings Are Subject to Protective Order*

The protective order in this case provides a mechanism to ensure that truly confidential information is handled with appropriate safeguards. That order has already been sufficient to manage private or proprietary content. Defendants' request for an additional, far more extreme measure of sealing or striking entire documents goes well beyond what the protective order or Ninth Circuit precedent contemplates. Defendants' attempt to go beyond the protective order and seal the information from public view is unwarranted.

### 5. *The Court Already Rejected Defendants' Arguments Regarding the Local Rules*

Finally, Defendants reassert that Plaintiff's Motion for Leave (ECF No. 84) purportedly violated local rules. But this Court already considered that issue when it allowed the filing to proceed as a motion for reconsideration. *See generally* ECF No. 86. The Court effectively overruled Defendants' objection, opting to address the substance of Plaintiff's motion rather than discard it on procedural grounds. Thus, the local rule challenge is moot and has no bearing on the current request.

## III. CONCLUSION

Defendants' motion is a transparent attempt to suppress relevant and potentially damaging evidence by falsely labeling it "fraudulent" without any specific or credible proof. They fail to meet the "compelling reasons" standard required to seal judicial records, and they likewise fail to

show that these materials are so prejudicial or irrelevant that they must be stricken. Granting Defendants' Motion would set a dangerous precedent, allowing parties to insulate evidence from public scrutiny simply by invoking the specter of "fraud" without evidentiary support, potentially chilling whistleblowers and undermining the crucial principles of transparency and accountability in our judicial system.

For the reasons stated above, Plaintiff respectfully requests that the Court deny Defendants' Motion to Strike. Further, Plaintiff opposes Defendants' request to judicially seal the entirety of the Disputed Filings (ECF Nos. 84, 85, and accompanying exhibits). Limited redactions of the declarant's name and personal data, as already offered by Plaintiff, adequately protect any legitimate confidentiality concerns while safeguarding the public's right of access. The interests of justice, transparency, and public accountability demand that these filings remain accessible.

Dated:  February 14, 2025                    **ILG Legal Office**

*[signature: Stephen Noel Ilg]*

_____
Stephen Noel Ilg
Attorneys for Plaintiff

9

YINTAO YU V. BYTEDANCE,INC., ET AL.
PLAINTIFF/COUNTER-DEFENDANT'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE